8529

SAMMONS & BISHOP v. AMERICAN FIRE INS. CO.

1. INSURANCE—BUILDING CONTRACTS.—The builders of a house under contract have an insurable interest in the house to the amount of its value, irrespective of the amount paid them on the contract by the owner.

2. IBID.—IBID.—When a builder contracts to build a house partially completed his insurable interest in the building is the value of the house when it was burned less its value when he began work.

3. IBID.—IBID.—If the insurance on the house is not sufficient to pay the insurable interest of both builder and owner, then the insurance must be prorated between them on the basis of their insurable interests.

4. APPEAL—ADDITIONAL GROUNDS.—Grounds not relied on below cannot be urged as additional grounds for sustaining a verdict.

MR. JUSTICE WATTS, *with whom concurs* MR. JUSTICE WOODS, *dissents.*

Before MEMMINGER, J., Greenville, March term, 1912. Reversed.

Action by Sammons and Bishop against The American Home Fire Insurance Company and G. W. Williams. Plaintiffs appeal. The defendant moved for nonsuit and directed verdict on the following grounds:

"Now, as I understand it, our Court has held that a contractor has an insurable interest in such a structure as that for one of two purposes. The first is: That if he has been paid anything by the owner of the building, that then they have a right to recover the insurance and repay him what he has spent, or it is given them for the purpose that they may reconstruct the building, or, rather, carry out their contract. Now, in this case, both the plaintiffs in this action have testified that they got their money and they are suing for it, not for the purpose of repaying the owner for what he has spent nor for the purpose of rebuilding the premises; therefore, I take it, under the Supreme Court decision of *Ulmer* v. *The Insurance Company,* 61 S. C. 459, that they have no cause of action here for the purpose that they are suing, and that we are entitled to a directed verdict or for a nonsuit, either or both, if it takes it to stop the matter."

He also moved to sustain the verdict on the following additional grounds:

1st. "(a) Both appellants testified that respondent, Williams, had advanced to them under the contract and for work done, sums of money exceeding the amount of the insurance sued for; (b) Both appellants testified that they did not intend to repay to respondent, Williams, the money advanced to them; (c) Both appellants testified that they did not intend to carry out their contract—that they would not

complete the building; (d) Both appellants testified that they were not seeking to recover the insurance money, nor making claim to it, in order to repay Williams or discharge their contract. As the appellants' interest, if any, was to enable them to either repay Williams the sums advanced to them or to perform and discharge their contract by rebuilding the house, under the testimony, it was proper that the judgment as given be had."

*Mr. J. J. McSwain,* for appellant, cites: *This case falls under the Ulmer case:* 61 S. C. 459.

*Mr. B. A. Morgan,* contra, cites: *Plaintiff had only an insurable risk:* 46 S. C. 15; 61 S. C. 459; 43 L. R. A. 664.

April 22, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action on a policy of insurance for the sum of four hundred and fifty dollars, alleged to be due the plaintiffs, on account of the destruction of a building by fire, which they had contracted to erect for the defendant, G. W. Williams, on his land.

The complaint alleges:

"That at the time hereinafter mentioned, the plaintiffs were building contractors, engaged in the construction of a certain one-story frame, shingle roofed building, to be used as a dwelling, located in the city of Greenville, S. C.

"That in and by its certain policy of insurance, the defendant, The American Home Fire Insurance Company, did insure the plaintiffs against loss or damage, their interest as builders' risk on said building, and the said defendant, in and by said policy of insurance, did promise and agree to make good unto said plaintiffs, all such loss or damage, not exceeding in amount the sum aforesaid, as should happen by fire to the property, as therein or herein specified, during the term of two months.

·"That while said contract of insurance was in full force and effect, the said building was wholly destroyed by fire.

"That the true and actual loss sustained by the plaintiff, on the building so insured at the time of the destruction thereof, was the sum of four hundred and fifty dollars."

The answer of the defendant, G. W. Williams, contains the following allegations:

"That he entered into a contract with the plaintiff, J. A. Sammons, whereby the said Sammons was to furnish all material and labor, and for the sum of seven hundred ($700) dollars, to fully erect and complete a certain building on Frank street, in the city of Greenville, S. C., belonging to this defendant, said building being partially erected, and the contract with the said Sammons had, in reference to his taking the partially erected building, as it stood and building the same.

"That the building as it stood, was of the value of several hundred dollars, and the said Sammons, under and by virtue of said contract, begun work thereon as if to complete the said building.

"That said building was not completed, and this defendant is informed and believes, that it would have required the expenditure of something like one hundred and fifty, or two hundred and fifty dollars, to complete the same.

"That from time to time this defendant paid the plaintiff in material and money on said contract and building, the sum of five hundred and ninety-six and 74-100 ($596.74) dollars."

Paragraph V of the answer alleges, that the defendant, G. W. Williams, took out a policy of insurance on said building, while it was being erected. And paragraph VI alleges that he is informed and believes, that the plaintiffs have abandoned their contract, and do not intend to complete said building.

G. W. Williams was made a party defendant, on motion of the insurance company. In granting said motion his

24—94

Honor, Judge Gage, said: "This matter came before me, on motion of the defendant, for an order requiring the plaintiffs, to join G. W. Williams, as a party defendant, and requiring him and the plaintiffs, to interplead as between themselves, concerning their respective rights, to the insurance on the building, described in the complaint, and permitting this defendant, to pay the full amount of the total liability, to wit, nine hundred and one dollars and seventy-seven cents, into the Court, and be discharged from all liability, to either the plaintiffs or the said G. W. Williams."

The plaintiff, J. A. Sammons, testified as follows:

"How was the house to be, as compared with the house that was burned? How was it to be under your contract? To be as it was before. In every part? Yes, sir; to replace the house as it was before. What was there already on the grounds? Well, there was the frame of it, a good deal of it was there—some of the framing was there. I was to use that into it, just as it was. What in your opinion, was the value of the material that was left there, after first fire? Well, I couldn't say exactly. I wouldn't be willing to pay more than fifty or sixty dollars for it, at the outside. What was he to pay you for replacing the house, just like the other one was? How much money, if any, was he to pay you for the work? He was to pay me seven hundred dollars to replace the house, with the stuff that was there. He was to put in what was there on the ground, in the way of remains of the burned house? Yes, sir. As the work progressed did Mr. Williams instruct you to make any change in the plans? Yes, sir. * * * Was the house finished when it was burned the second time? Not quite; didn't lack but a little. How many days would you say it would take to finish it up? They would have finished it, in about a day or a day and a half. There was not but a little bit to do. Tell us whether or not it would have been necessary to buy any more material for the house? No, sir; I don't think so, there was plenty there. What become of that material that

was on hand? It went all together; it was in the house. Burned? Yes, sir. It was all in the house."

The testimony tended to show, that the whole amount for material and labor expended by the plaintiffs, in the construction of said building, up to the time it was destroyed by fire, was $999.53, of which the defendant, Williams, had paid $605.55, leaving a balance of $393.98.

The record shows, that the following are the grounds upon which his Honor, the presiding Judge, directed the jury to find a verdict, in favor of the defendant, G. W. Williams:

Court: "There is no view of the case, under which the plaintiffs can recover. They have been paid more than they insured for. You might just write a verdict on the back of the complaint, saying we find for the defendant, G. W. Williams, the total amount of insurance.

Mr. McSwain: "Would your Honor pardon me one moment, that I may call this to your Honor's consideration: 'That a party is not compelled to insure, for the sum total of his interest in any property which is a subject of insurance.'

Court: "I understand that. But these parties insured for four hundred and fifty dollars, the property was lost. They have been paid on their contract, more than four hundred and fifty dollars, by the defendant, Williams, been paid five hundred and some odd dollars absolutely. Consequently, there is absolutely nothing they can claim.

Mr. McSwain: "May I also call this to your Honor's attention: 'That there is no evidence that the insurable interest of G. W. Williams, is worth nine hundred and one dollars.'

Court: "That is settled by a previous order here in Court, by a settlement between the parties."

The plaintiffs appealed upon exception which assigned error in said ruling.

This question has so lately undergone judicial investigation by this Court, that we only deem it necessary, to refer to the case of *Ulmer* v. *Ins. Co.,* 61 S. C. 459, 39 S. E. 712, in which it was held, that a person who has contracted to erect a building, and furnish the necessary materials, has an insurable interest to the value of the building, irrespective of payments made to him on his contract, by the owner of the house.

When, however, as in this case, the contractor agrees to complete a building, partially in existence at the time of the contract, and it is destroyed by fire during the progress of construction, then he is entitled to recover the value of the building at the time of the fire, less the value thereof before he commenced the work of construction. The reason why the value of the building in its incomplete state, at the time of the contract, should be deducted is, because the work of its construction, was not done by the second contractor, nor were the materials therein, furnished by him. Those were items of expense, that had been previously incurred by the owner.

The case of *Foley* v. *Ins. Co.,* 132 N. Y. 131, reported in 43 L. R. A. 664, and cited with approval in *Ulmer* v. *Ins. Co.,* 61 S. C. 459, 39 S. E. 712, shows that the owner of the building has an insurable interest in the building, during the progress of completion, and that in case of loss by fire, he is entitled to recover the value of the building at that time, unless there are provisions in the policy of insurance, showing that his insurable interest is otherwise.

Much of the confusion in this case, has arisen from the ruling of his Honor, the presiding Judge, that the order of his Honor, Judge Gage, determined, that the insurable interest of G. W. Williams was $901.77, the amount which was paid into Court by the insurance company. That sum represents the insurable interest not only of Williams, but likewise of the plaintiffs. If this sum is not sufficient to satisfy the insurable interest of both, then

it must be prorated between them; and it is incumbent on both parties to prove their respective insurable interests.

The respondent gave notice, that he would rely upon certain additional grounds, for sustaining the judgment.

4   These grounds, however, can not be considered, as he did not rely upon them in the Circuit Court.

Judgment reversed and the case remanded to the Circuit Court for a new trial.

MESSRS. JUSTICES HYDRICK *and* FRASER *concur*.

MR. JUSTICE WATTS, *dissenting*.    I do not concur in the opinion of the Chief Justice herein.

The evidence shows that the defendant, G. W. Williams, owned a house and lot in the city of Greenville.    The house having been partially destroyed by fire, the defendant, Williams, entered into a contract with the plaintiff, Sammons, wherein it was agreed that Sammons should rebuild the house, furnishing all of the material necessary for this purpose after using such framing and other lumber as was not destroyed by the fire, and the defendant was to pay for the job, when complete, the sum of seven hundred ($700) dollars.    After making the contract and before entering upon the work of reconstructing the house, Sammons formed a partnership with the plaintiff, Bishop, and they began work on the building under the contract formerly made with Sammons.    In order to secure themselves against loss in case the partially constructed house should be destroyed, Sammons and Bishop took out a policy of insurance on the building for $450 with The American Home Fire Insurance Company.

While the house was being built, Sammons and Bishop were compelled to delay the work for the lack of sufficient funds with which to carry it on, and the defendant advanced to them, in cash and material, about $600 and procured a policy of $1,000 with the same company in which the plain-

tiffs had their interest insured.    While both policies were in force and before the house was completed, it was totally destoyed by fire.    The builders brought suit on their policy for the full amount of it, $450.    The insurance company procured an order from Court allowing them to pay into Court the full amount of its liability under the two policies issued by it, and, by consent of all parties, the contractors and Williams agreed to litigate their rights between themselves.    The case came on for trial before Judge Memminger, and a jury.    When all the evidence was in, Judge Memminger instructed the jury to find for the defendant, Williams, and the plaintiffs appealed from this ruling.    I think that his Honor was correct and that the exceptions should be overruled.

It is not disputed, nor is there any question, that each of the parties had an insurable interest in the house.    The house belonged to Williams, and, by the terms of the contract, the contractors were to turn it over to him when completed, and he was to pay them $700.    While the house was in the process of construction, Williams advanced to Sammons and Bishop about six hundred ($600) dollars on the contract price.    In order to fulfil their own obligation, the plaintiffs necessarily had to spend some of their money, and if the house should be burned before they completed their contract without insurance they would lose the amount expended by them.    It is for the purpose of securing the contractor against such loss and to enable him, without material injury to himself, to start over again and carry out the obligation of his contract that the law allows him to insure.    The evidence in this case shows that the plaintiffs have been paid for the work done and material furnished up to the time of the destruction of the building, and have refused to perform their obligation under the contract. Williams has paid out $600 and has a burned and destroyed house to represent this outlay of money.    To allow the contractors to recover anything more would be to put a premium

on violating contracts and causing the innocent to suffer. In this case it would give a profit to Sammons and Bishop for violating their contract at the expense of Williams, and would be inequitable and unjust under all the facts of the case. In my view, the decision of Judge Memminger is correct and should be sustained. Williams had a contract, whereby he was to have a completed house for $700; he has paid $600 and has no house. Sammons and Bishop had a contract whereby they were to be paid $700 when the house was completed; they have been paid $600 and have not completed their contract, but have abandoned it.

Under all the circumstances, I think that the exceptions should be overruled and the judgment of the Circuit Court affirmed.

MR. JUSTICE WOODS *concurs.*