18825

Frances JONES, Respondent, v. James C. MASSINGALE, Appellant. Winston D. JONES, Respondent, v. James C. MASSINGALE, Appellant.

(163 S. E. (2d) 217)

*Felix L. Finley, Jr., Esq.,* of Pickens, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondents,*

September 10, 1968.

LITTLEJOHN, Justice.

This is a consolidation of appeals in two separate cases. The issues are similar such that one opinion disposes of both cases. Mrs. Frances Jones has brought a complaint against the defendant for personal injuries allegedly growing out of an automobile collision on October 29, 1965. Her husband, Winston D. Jones, has also brought a complaint for medical bills and loss of consortium.

It is the position in this appeal of counsel for the plaintiffs-respondents that no damages are sought for injury to the automobile of Winston D. Jones. Such was his contention before the lower court and the lower court justifiably so construed the pleadings in the order here on appeal. Apparently through inadvertence in the statement in the transcript in the case of Mr. Jones only, it is indicated that damages for his automobile are sought. Under authority of *Forbes v. Kingan & Co.,* 174 S. C. 24, 176 S. E. 880 (1934), we review the case in the same light in which it was presented to the lower court to determine if that court erred since "to hold that a statement made in a transcript of record which is not sustained by the record is conclusive would be illogical." Id., 176 S. E. at 883. This is true even though normally counsel are bound by the statement.

Both complaints allege actionable negligence against the defendant and are typical of automobile collision tort claim actions.

The defendant has answered and has, *inter alia,* alleged the execution and delivery of one general release in his favor signed by both plaintiffs as a bar to the respective actions. The release document is included as a part of the answers. This instrument is apparently a form release and undertakes to release the defendant from all claims of any kind whatsoever "and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop" as a result of the alleged collision.

On motion, the lower court required the plaintiffs to reply to the allegations of the answers concerning the release, and required the plaintiffs to state whether the consideration mentioned in the release had been repaid or tendered to the defendant.

In the respective replies plaintiffs admitted execution of the release instrument and receipt of the consideration mentioned in the release, but alleged that the release was invalid with respect to all damages except property damage to the automobile owned by Mr. Jones and driven by Mrs. Jones at the time of the collision. The plaintiffs base the contest of the validity of the release on further allegations that the release was procured either upon fraudulent and false misrepresentations or upon mutual mistake of fact. It is admitted that the consideration in the amount of $341.44 has not been returned or tendered. All negotiations for the procurement of the release signed by both plaintiffs were alleged to have been made by the agent of State Farm Mutual Insurance Company which provided the consideration.

In more detail the replies allege (1) that State Farm Mutual, which supplied the consideration for the release, is the liability insurance carrier for the defendant and for the plaintiffs, and also the collision insurance carrier for Mr.

Jones's automobile in which Mrs. Jones was riding at the time of the collision; (2) that the insurer occupied a relation of trust towards its insureds, the plaintiffs, and had a duty to disclose any conflicts of interest which the insurer had, but that the insurer through its agent not only failed to disclose its conflicts of interest, but actively persuaded the plaintiffs to rely on the agent's advice and not to seek legal and medical assistance; (3) that the advice given by the insurer's agent was that Mrs. Jones was not seriously injured and only temporarily uncomfortable, that in any event the plaintiffs' only collectible damages in litigation would be for any actual medical expense and for damage to their automobile, and in effect that since Mrs. Jones's injuries were so minor the plaintiffs' only valid claim was against the insurer on the collision policy; (4) that this advice has proved to be both medically and legally false in that Mrs. Jones's injuries are substantial and serious and in that actions for loss of consortium and for pain and suffering were available to the plaintiffs, and (5) that the plaintiffs did rely on the advice of the agent of their collision insurer and therefore understood the release and the consideration paid therefor to be a settlement of what they thought to be their only claim, to-wit, a claim against their collision insurer for damage to the covered automobile.

After the plaintiffs replied, the defendant moved for judgment on the pleadings in both actions on the ground that the plaintiffs had by reply acknowledged the execution of the release and the consideration mentioned therein, but had failed to allege that they, at or before the institution of their actions, restored or offered to restore the consideration admittedly received. The defendant further moved that in the event the foregoing motion be denied, an order be entered directing the issue of the validity of the release to be tried first and separately from the causes of action in the plaintiffs' complaints.

The lower court by its order denied both motions in both actions, and the defendant appeals from such orders.

The issues presented by this appeal are: (1) Should the circuit judge have dismissed the actions, and granted judgment for the defendant on the pleadings, because the plaintiffs failed to restore or offer to restore the consideration stated in the release before bringing these actions? and (2) Did the circuit judge err in refusing to order a separate trial on the issue of the validity of the release?

"A motion for judgment on the pleadings is in the nature of a general demurrer. It is appropriate, where the pleading is fatally deficient in substance, that is, where the complaint fails to state a good cause of action in favor of the plaintiff and against the defendant. Being in the nature of a demurrer, a motion for judgment on the pleadings raises an issue of law only. Where the plaintiff's pleadings are attacked, the motion should be sustained only where they are so defective that the court is authorized, taking all the facts to be admitted, in concluding that no cause of action is stated entitling the plaintiff to relief." *Walter J. Klein Co. v. Kneece,* 239 S. C. 478, 483, 123 S. E. (2d) 870, 873 (1962).

We do not think that the plaintiffs' pleadings are fatally deficient in substance even though the execution of the release, and the receipt and retention of the consideration therefor, are admitted. These admissions must be viewed in the light of the other allegations of the plaintiffs' replies.

Numerous decisions of this court adhere to the general proposition that, when a party to a compromise settlement wishes to avoid a duly executed release, and be restored to his original rights, he must restore the other party to his original position by returning or offering to return the consideration received under the compromise. See, *e. g., Taylor v. Palmetto State Life Insurance Company,* 196 S. C. 195, 12 S. E. (2d) 708 (1940).

This general proposition is based on the idea that it would be inconsistent and unjust to allow one to attack a contract

that he has executed and at the same time to retain the benefits granted him thereunder; and that the money sought to be retained by the releasor is, on the theory of the releasor's case, the money of the releasee.

It is the contention of the plaintiffs that State Farm Mutual, whose agent negotiated the release, had two obligations growing out of two separate contracts. One policy of insurance covered the defendant Massingale for tort liability. The other policy covered the two plaintiffs for tort liability plus Mr. Jones for collision on his car. It does not conclusively appear on the face of the release whether the consideration allegedly paid by State Farm Mutual was a result of the one or the other of the contracts, or both. It is the contention of the plaintiffs that the release resulted from the collision policy of Mr. Jones only.

If, as alleged in the reply, the money paid by State Farm Mutual's agent represented only the damage to Mr. Jones's motor vehicle, and if such payment grew solely out of Mr. Jones's collision policy, no refund would be required prior to the instigation of these actions. If the consideration admittedly received did not come from the defendant Massingale, and was not paid by his carrier's agent because of his policy of insurance and on his behalf, no refund would be required. The true facts must await the presentation of the evidence and we do not think that the issues should be decided on the pleadings under all the circumstances without giving plaintiffs an opportunity to submit evidence. Adjudication of the court should await the verdict of the jury unless at the trial the evidence be susceptible of only one reasonable inference warranting the direction of verdict.

The remaining questions presented by the exceptions are: Is the disposition of a motion for a separate trial a matter of discretion with the lower court, and if so did the court abuse its discretion?

Both the factual questions in the underlying tort claims and the question of fraud in the procurement of the release

are jury questions. The defendant is thus asking for separate jury trials on two issues in each of the two cases, or a total of four jury trials. Authority for granting the motion was at most a matter of discretion with the lower court.

Counsel for defendant argues strongly that, if disposition of the motion for a separate trial of the validity of the release was discretionary with the lower court, there was an abuse of that discretion. He urges that joint trial of the issues drawn by the pleadings will result in substantial prejudice both to him and to his liability insurer, because the jury will thereby be made aware of the existence of the liability insurance contract. He cites rulings of this court to the effect that the mention of insurance to a trial jury is prejudicial error in a tort claim case.

We are of the opinion, however, that possible prejudice resulting from the jury's knowledge of the defendant's insurance coverage must be weighed against the burden on the court and the plaintiffs resulting from a multiplicity of suits, and considered in the light of the fact that a jury in an automobile collision case today, in view of our financial responsibility law, can perhaps hardly be expected to doubt seriously the existence of liability insurance coverage.

Today owners of motor vehicles are almost required by law to procure liability insurance, and there is a popular belief (though an erroneous one) that liability insurance in this state is actually required. Before a person (including, of course, jurors) may procure an annual license plate for his motor vehicle he must prove his liability coverage or contribute to the uninsured motorist fund. Accordingly, every juror who owns an automobile is of necessity well aware of the likelihood of liability insurance coverage. When evidence is admissible on one issue but should not be considered as to another issue in the trial of the same case, such need not be excluded. The trial judge may upon request instruct the jury relative thereto. Assuming, without deciding, that, as contended by appellant,

the motion was addressed to the sound discretion of the lower court, we find no abuse thereof.

Let the order of the lower court be

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.