20314

The STATE, Respondent, v. Eugene McDONALD, Appellant.

(230 S. E. (2d) 617)

*Robert L. Hallman, Jr., Esq.,* of *Jenkins, Perry & Pride,* of Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Richard P. Wilson, Asst. Atty. Gen.,* of Columbia, *for Respondent.*

November 30, 1976.

*Per Curiam:*

Appellant was convicted of murder, assault and battery with intent to kill and armed robbery. On this appeal he asserts that certain witnesses should not have been allowed to testify at trial, because their identities were obtained as a result of the violation of a codefendant's constitutional rights.

It is the settled rule that, outside certain well defined exceptions, one may not assert a violation of another's constitutional rights. *N. A. A. C. P. v. Alabama ex rel. Patterson,* 357 U. S. 449, 78 S. Ct. 1163, 2 L. Ed. (2d) 1488; *Alderman v. U. S.,* 394 U. S. 165, 89 S. Ct. 961, 22 L. Ed. (2d) 176, reh. den. 394 U. S. 939, 89 S. Ct. 1177, 22 L. Ed. (2d) 475. The appellant does not base his argument on a violation of his own constitutional rights, but on a violation of another's rights. We think it is clear that such a vicarious assertion of constitutional rights is wholly without merit.

We affirm without oral argument.