20385

Jackie BROWN, Appellant, v. UNITED INSURANCE COMPANY OF AMERICA, Respondent.

(233 S. E. (2d) 298)

*Messrs. Kenneth M. Suggs* and *Philip E. Wright,* of *Lee and Suggs,* Columbia, *for Appellant,*

*Philip Wittenburg, Esq.,* of *Levi, Wittenberg and Abrams,* Sumter, *for Respondent,*

March 16, 1977.

GREGORY, Justice:

Appellant Brown sued respondent United for fraud and deceit in connection with the sale of a health insurance policy. At the pretrial conference the trial judge granted United's oral demurrer and "motion for judgment on the pleadings and upon the record" (quoted from the agreed statement of the case). The issue is whether the trial judge erred in considering matters outside the face of the complaint and amended complaint. We find no error and affirm.

In his complaint and amended complaint, Brown alleged that an agent of United had sold him a health insurance policy with knowledge that he, Brown, was a paraplegic. The agent had told him he would be covered by the policy; he had later learned from another agent of United (not identified in the record) that he had not been covered by the policy and had never been intended to be; he then had stopped paying premiums.

United denied these allegations, except for the fact of the sale and the termination of payments.

At the pretrial conference, counsel for Brown admitted that Brown had received the policy, had never had an oc-

casion to file under the policy, and in fact had never filed a claim. Counsel admitted that Brown had paid premiums of $3.50 per week for 25 weeks. It was undisputed that Brown had not referred to his paraplegia in his insurance application.

The trial judge, considering the "relevant allegations of the Amended Complaint and of the Amended Answer", and the facts of delivery of the policy and lack of necessity of filing under the policy, decided that the principles of *Branham v. Capital Life and Health Insurance Co.,* 220 S. C. 67, 66 S. E. (2d) 451 (1951), controlled, and dismissed the action.          . . . .

We agree that *Branham* is controlling. In that case the Court disallowed an action for fraud and deceit brought pursuant to facts similar to those here.

We need only decide whether the judge improperly considered facts not appearing in the complaint. A motion for judgment on the pleadings is in the nature of a demurrer, *Jones v. Massengale,* 251 S. C. 456, 163 S. E. (2d) 217 (1968), and will be granted "when, under the admitted facts, the moving party would be entitled to judgment on the merits, without regard to what the findings might be on the facts on which issue is joined." *Wooten v. Standard Life & Casualty Insurance Co.,* 239 S. C. 243, 248, 122 S. E. (2d) 637, 639 (1961). A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint, which, if resolved in favor of the plaintiff, would entitle him to judgment. *Wooten v. Standard Life and Casualty Insurance Co., supra.*

The trial judge said in his order, "I . . . conclude that neither in fact nor in law has the plaintiff alleged, nor could he sustain, with proof of the facts *I was required to assume in his favor,* a cause of action for damages for fraud and deceit" (emphasis added).

We find no error in the judge's disposition of the case. First, he was merely applying the applicable rule of law on the motion for judgment on the plead-

ings. He considered the facts that were agreed to by both parties, found that these facts would entitle United to judgment regardless of the outcome of disputed facts, and so dismissed the complaint.

Second, he was acting within the discretion and authority given to him by Rule 43 of the Circuit Court Rules. That rule empowers the trial judge to summon the attorneys in an action to consider simplifying the issues, amending the pleadings, obtaining admissions of fact, limiting the number of witnesses and "such other matters as may aid in the disposition of the action."

The Court has held that a judge has broad authority at a pretrial conference:

"[W]hen a case reaches the pretrial conference stage the trial judge has a broad authority, both inherent and under Rule 43, to accomplish those things enumerated in the rule, and to expedite the case such that it may go forward without unusual delay." *Hodge v. Myers,* 255 S. C. 542, 546, 180 S. E. (2d) 203, 205 (1971).

In that case the Court upheld a trial judge's order to the attorneys in a personal injury action to produce lists of persons with knowledge of the accident. At that time Rule 90, allowing interrogatories, had not been adopted.

In the present case the trial judge was furthering the purpose of the pretrial conference: to shorten and simplify the trial process; if necessary, to eliminate it. The conference is designed, at least in part, to cut down on time needlessly spent in the courtroom, at heavy expense to the judiciary and bar, the parties and the public.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.