21133

Louis H. BAKER, d/b/a Baker Builders, Appellant, v. AETNA INSURANCE COMPANY, Respondent.

(262 S. E. (2d) 417)

232

*John B. Grimball* of *Grimball, Draffin & Pearson,* Columbia, *for appellant.*

*R. Davis Howser* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

January 22, 1980.

GREGORY, Justice.

Appellant Baker, a residential contractor, appeals from an order denying him recovery under a builder's risk insurance policy issued by respondent Aetna. The lower court ruled that Baker had sustained no loss by reason of a fire which partially destroyed a house Baker constructed for a third party, Hammond. We affirm.

In addition to Baker's policy with Aetna, Hammond had taken out a separate policy of insurance with State Farm Fire and Casualty Company to protect his interest as owner. State Farm accepted liability for the loss and paid Hammond approximately $23,000.00 for the damage to his dwelling. Using the State Farm proceeds, Hammond then employed another contractor rather than Baker to restore the house to its prefire condition.

Baker made a claim under his policy with Aetna for a loss in the amount of $8,200.00, being the balance Hammond owed Baker under the construction contract.[1] Aetna denied the claim and this action ensued.

The issue of whether Baker sustained any loss by reason of the fire was submitted to the lower court by agreement of the parties based on the pleadings and certain stipulated facts. See *Brown v. United Insurance Company of America,* 268 S. C. 254, 233 S. E. (2d) 298 (1977).

Baker first argues that the $8,200.00 Hammond owed him represents his equity in the house and that he had an insurable interest to that extent. We conclude Baker had no risk of loss at the time of the fire, and therefore suffered no loss as a direct result of its occurrence.

> One who agrees to construct a building for another under a contract for a stipulated price and calling for the completed structure must bear the loss occasioned

---

[1] Hammond's refusal to pay Baker the $8,200.00 balance due under the construction contract resulted in an independent action by Baker against Hammond. That action is pending.

by accidental destruction during construction and prior to completion. Upon completion, the risk of loss shifts to the owner. 13 Am. Jur. 2d, *Building and Construction Contracts,* § 64; 17A C. J. S. *Contracts* § 466(2)a; annot., 53 A. L. R. 103. South Carolina is in accord witth this general rule. *Ulmer v. Phoenix Fire Ins. Co. of Brooklyn,* 61 S. C. 459, 39 S. E. 712 (1901); *Sammons v. American Home Fire Ins. Co.,* 94 S. C. 366, 77 S. E. 1108 (1913).

It follows that a contractor's insurable interest is not ■ measured by the amount due him under the building contract at the time of the loss, but rather by the value of the building at the time of the fire. This interest, however, only exists for the period when the contractor has the risk of loss, i. e., during the construction and prior to completion. *Ulmer, supra; Sammons, supra.*

We hold that during construction and prior to completion, the risk of loss was on Baker and Aetna. ■ Upon completion, the burden then shifted to Hammond and State Farm to accept the risk of loss. The record before us and the arguments of counsel for both parties disclose that construction of the house by appellant Baker was essentially complete at the time of the fire. This being the case, the risk of loss for which Baker was insured had shifted from him to Hammond, the owner. Accordingly, Baker sustained no loss as a proximate result of the fire. 45 C. J. S. *Insurance* § 811. Baker's loss if any was the result of Hammond's refusal to honor the contract.

Moreover, the issue of who bears the risk of loss— Baker or Hammond—was rendered moot when Ham- ■ mond's insurer, State Farm, accepted the loss and paid for the damage.

Baker's next contention is that his claims against Hammond under the construction contract and to recover for materials and labor he furnished during construction no longer exist by reason of the fire, since Hammond received a house worth less due to the fire damage than what he had

already paid Baker. Accordingly, Baker argues he has sustained a loss as a result. We disagree.

It is true that partial completion of a structure under a contract requiring that the building be completely erected precludes recovery from the owner under the contract. See 53 A. L. R. 103. This is because the contractor's obligation is the completed structure, and in the event of loss or destruction prior to completion, to rebuild completely. Id.; *Ulmer, supra;* 13 Am. Jur. 2d *Building and Construction Contracts,* §§ 64, 71.

However, completion or substantial performance of a building contract will support the contractor's recovery under the contract from the owner. *Diamond Swimming Pool Company v. Broome,* 252 S. C. 379, 166 S. E. (2d) 308 (1969); 13 Am. Jur. 2d, *Building and Construction Contracts,* § 41. Thus, in the instant case Baker's performance would warrant a right to seek recovery from Hammond under the contract. There being a valid claim for the debt, we likewise can see no impediment to a timely action to foreclose a mechanic's lien.

Baker further argues the question of risk of loss was not before the lower court as a part of the pleadings and stipulated facts, and therefore pursuant to the *Brown* case not a proper issue. By the very allegations of the pleadings, it is evident that Baker had completed the house at the time of the fire. This fact is admitted and asserted in Baker's briefs and when coupled with the stipulated fact that Hammond's insurer accepted and paid the loss, entitles Aetna to judgment regardless of the outcome of disputed facts. By applying the legal principles of risk of loss to the facts before it, the lower court was not afield of *Brown.*

On the record before us, we fail to see where Baker has suffered any loss as a proximate result of the fire.

Affirmed.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.