21813

Ira ROSENTHAL, Appellant, v. UNARCO INDUSTRIES, INC., Fibreboard
Corporation, Raybestos-Manhattan, Inc., Owens-Corning Fiberglass
Corp., The Celotex Corporation, Eagle-Picher Industries, Inc., Keene
Corporation, Owens-Illinois, Inc., GAF Corporation, Amatex Corpora-
tion, Johns-Manville Corporation, Combustion Engineering, Inc., Pitts-
burgh-Corning Corporation, Respondents.

(297 S. E. (2d) 638)

*Ronald L. Motley, Terry E. Richardson, Jr.,* and *Thomas H. Hart, III,* all of *Blatt & Fales,* Barnwell, *for appellant.*

*Michael T. Cole* and *Anne C. Osborne,* of *Wise, Cole & Pearlman* and *Thomas S. Tisdale, Jr.* and *Timothy W. Bouch,* of *Young, Clement, Rivers & Tisdale* and *Robert Hood,* of *Sinkler, Gibbs & Simons* and *William Grimball,* of *Grimball, Cabaniss & Vaughn* and *Robert A. Patterson* and *Thomas J. Wills, IV,* of *Barnwell, Whaley, Stevenson & Patterson,* Charleston; and *James W. Alford,* of *Alford, Johnson & Salane* and *William S. Davies, Jr.* and *R. Bruce Shaw,* of *Nelson, Mullins, Grier & Scarborough,* and *Glen Bowers,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia; and *W. H. Arnold,* of *Love, Thornton, Arnold & Thomason* and *G. Dewey Oxner* and *James B. Pressly, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville; and *Robert R. Carpenter,* of *Roddey, Sumwalt & Carpenter,* Rock Hill; and *William A. Horger,* of *Horger, Horger & Nance,* Orangeburg, *for respondents.*

November 23, 1982.

*Per Curiam:*

The Plaintiff-Appellant has appealed the Order of the Circuit Judge, which granted the Motion of the Defendants-Respondents* to dismiss the Complaint.

After hearing argument of counsel and reviewing the record, we are of the opinion that the Order of Judge James E. Moore of November 25, 1981 properly sets forth and disposes of all of the issues submitted to this Court. Let his Order be reprinted herewith as our directive.

---

* After the case was set for oral arguments, the Court was advised that Unarco Industries, Inc. and Johns-Manville Corporation were in Bankruptcy Court and were prohibited from participating in this proceeding. Counsel for the Plaintiff agreed that these actions were no valid reason for postponement of arguments and further action by this Court.

## ORDER OF JUDGE MOORE

This matter has come before the Court on a Motion by the Defendant RAYBESTOS-MANHATTAN, INC., on behalf of all Defendants for Judgment on the Pleadings. Additionally, the Defendants KEENE CORPORATION and UNARCO IN-DUSTRIES, INC. have entered a Special Appearance and Motion to Dismiss alleging lack of subject matter jurisdiction over the cause of action. This case is one of the many referred to as the "Abestosis Cases" presently pending in the various courts of South Carolina. These product liability suits allege that the plaintiffs, as industrial insulators, shipyard workers, or factory workers, were exposed during their years of employment to asbestos insulation materials manufactured or sold by the various defendants, resulting in their injury. In this case all of the defendants are foreign corporations. It is undisputed that the plaintiff is a resident of New York. He has brought this action in the Circuit Court of Barnwell County, South Carolina. The defendants have moved for Judgment on the Pleadings on the grounds that there is no issue of any material fact which would entitle the plaintiff to recovery against the defendants. The various Motions are predicated on the South Carolina "Door Closing Statute," S. C. Code Ann. § 15-5-150 (1976). The Plaintiff has objected to the exercise of the "Door Closing Statute" on constitutional grounds. For the foregoing reasons the Court finds that the Statute is constitutional and the Motions for Judgment on the Pleadings and to Dismiss on behalf of the defendants are granted.

A motion for Judgment on the Pleadings is proper where pleadings entitle a party to judgment without proof, by disclosure of all facts, where the pleadings present no issue of fact or present merely an immaterial issue. *Wooten v. Standard Life and Casualty Insurance Company,* 239 S. C. 243, 122 S. E. (2d) 637 (1961). Where the pleadings are fatally deficient in substance or fail to state a good cause of action in favor of the plaintiff and against the defendant, judgment on the pleadings is proper. Whereas here the pleadings disclose all facts necessary or where the pleadings present no issue of fact the Court may exercise its discretion. Whereby the very allegations of the pleadings it is evident that the plaintiff is not a resident of South Carolina nor has sustained any exposure within the state, the defendants are

entitled to judgment regardless of the outcome of any disputed facts. *Baker v. Aetna Insurance Company*, 274 S. C. 231, 262 S. E. (2d) 417 (1980).

The Plaintiff, IRA ROSENTHAL, is a citizen and resident of the State of New York. He alleges exposure in his Complaint from 1942 to 1945 in the Brooklyn Navy Yard. Counsel for the plaintiff acknowledged to the Court that the plaintiff had never been exposed in South Carolina to asbestos containing products. His only exposure occurred in the State of New York. The defendants have raised affirmatively, *inter alia,* the "Door Closing Statute" S. C. Code Ann. § 15-5-150 (1976) as a defense. Additionally, the defendants have raised S. C. Code Ann. § 15-13-350 (1976) as a further defense in that this plaintiff is pursuing an identical action against these same defendants on the same causes of action in the Superior Court of New York, Hudson County.

The plaintiff has challenged the constitutionality of S. C. Code Ann. § 15-5-150 (1976) on the grounds of unlawful discrimination and denial of equal protection. It is a well settled rule that a statute will, if possible, be construed so as to render it valid. A legislative act will not be declared to be unconstitutional unless its repugnance to the Constitution is clear and beyond doubt. Every presumption is made in favor of constitutionality of a statute and it will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt. *University of South Carolina v. Mehlman*, 245 S. C. 180, 139 S. E. (2d) 771 (1964).

In response to the defendants' Motion and Brief, the plaintiff cites to the Court a recent line of decisions by the Supreme Court which invalidated statutes or rules of Common Law which allegedly deny equal protection. Those cases involve decisions concerned with the Statute of Limitations favoring architects, engineers and contractors; the allowance of contributory negligence defense in tort cases other than automobile cases; illegal restrictions of the Guest Passenger Statute; and the common law doctrine of parental immunity. *Broome v. Truluck,* 270 S. C. 227, 241 S. E. (2d) 739 (1978); *Marley v. Kirby,* 271 S. C. 122, 245 S. E. (2d) 604 (1978); *Ramey v. Ramey,* 273 S. C. 680, 258 S. E. (2d) 883 (1979); and *Elam v. Elam,* 275 S. C. 132, 268 S. E. (2d) 109 (1980). These decisions

relied upon by the plaintiff deal with the limitations upon the rights to sue and the legal requirements of a particular cause of action. These cases are not concerned with jurisdictional statutes and are not dispositive of the question before this Court.

A proper test to be utilized in resolving a constitutional challenge made on equal protection grounds is that a statute will be found to violate equal protection only when it results in discrimination against a certain class and the classification is not rationally related to any legitimate state policy or interest. *Green v. Zimmerman,* 269 S. C. 535, 238 S. E. (2d) 323 (1977). The South Carolina Court has recognized the power of the individual states regarding legislation directed at corporations. The constitutional authority of a state to exercise jurisdiction over a foreign corporation in a manner in which it so chooses is a matter for the law of the state as made by its legislature. *Clark v. Babbit Brothers, Inc.,* 260 S. C. 378, 196 S. E. (2d) 120 (1973). The "Door Closing Statute" has been noted to accomplish several legislative objectives rationally related to the state's interest. It favors resident plaintiffs over nonresident plaintiffs. *Central Railroad and Banking Company v. Georgia Construction Company,* 32 S. C. 19, 11 S. E. 192 (1880). The Statute provides a forum for wrongs connected with the State while avoiding the resolution of wrongs in which the State has little interest. *Cox v. Lunsford,* 272 S. C. 527, 252 S. E. (2d) 918 (1979). It encourages activity and investment within the State by foreign corporations without subjecting it to actions unrelated to its activity within the State. *Lipe v. Carolina, C. & O. Ry. Company,* 123 S. C. 515, 116 S. E. 101 (1923). The South Carolina Supreme Court has previously recognized the constitutional validity of the distinction based upon residency in the "Door Closing Statute." *Central Railroad and Banking Company v. Georgia Construction Company,* supra. The Supreme Court has recently reiterated its rule. In *Ballenger Electrical Contractors, Inc. V. Reach-All Sales, Inc., et al.,* 276 S. C. 394, 279 S. E. (2d) 127 (1981) the Court held that when the constitutionality of a statute is an issue, a presumption will be made in favor of its validity. That case involved a statute which applied to service of process on a foreign corporation not authorized to do business in South Carolina. The Court held that the

legislature's classification of corporations in the two categories for the purpose of substituted service of process was rationally related and properly in the state's interest. The distinction between corporations authorized to do business in South Carolina and those who do not is valid. S. C. Code Ann. § 15-5-150 (1976) rests upon sound legislative classifications or rationally related to the state's interests. It furthers a permissible objective of the state. The Statute is therefore constitutional.

Additionally, this Court holds that the plaintiff has no standing to assert the equal protection argument against foreign noncorporate defendants. It is settled that one may not assert the violation of another's constitutional rights. *State v. McDonald*, 267 S. C. 588, 230 S. E. (2d) 617 (1976). This rule applies with particular force where, as in the instant case, an attempt is made to assert the constitutional rights of theoretical parties. The Plaintiff asserts that the "Door Closing Statute" is unconstitutional because it does not contain a jurisdictional bar to a suit against a foreign noncorporate defendant by a nonresident on a foreign cause of action. The argument is based upon a hypothetical situation and asserts the rights of a theoretical defendant. The plaintiff has no standing to make such an assertion. Plaintiff is not a foreign noncorporate defendant and has no relationship to any such defendant.

As applied, the "Door Closing Statute" would therefore bar the claims of the plaintiff. It is undisputed that the plaintiff is a citizen and resident of New York and it is likewise unquestioned that the defendants are all foreign corporations. Equally undisputed, is the fact that the plaintiff has sustained no exposure and has not been employed within the State of South Carolina. It is therefore

Ordered, adjudged and decreed that the defendants' Motion for Judgment on the Pleadings and/or to Dismiss are granted and that this action be dismissed.

And it is so ordered.