**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth W. Signor, Appellant,

v.

Mark Keel, Chief of the South Carolina Law Enforcement Division, and the State of South Carolina, Respondents.

Appellate Case No. 2015-001076

———————

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-022
Submitted November 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Adam L. Whitsett, of the South Carolina Law Enforcement Division, of Columbia, for Respondent, Mark Keel.

Senior Assistant Attorney General T. Parkin C. Hunter, of Columbia, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001) ("Upon review [of a motion for judgment on the pleadings,] the appellate tribunal applies the same standard of review that was implemented by the [circuit] court."); *Rosenthal v. Unarco Indus., Inc.*, 278 S.C. 420, 422, 297 S.E.2d 638, 640 (1982) ("A motion for Judgment on the Pleadings is proper where [the] pleadings entitle a party to judgment without proof, by disclosure of all facts, [or] where the pleadings present no issue of fact . . . ."); *Edwards v. State Law Enf't Div.*, 395 S.C. 571, 575, 720 S.E.2d 462, 464 (2011) ("Interpretation of a legislative enactment is a question of law."); *CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("Questions of statutory interpretation are questions of law, which [this court is] free to decide without any deference to the [circuit court]."); *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535, 725 S.E.2d 693, 695 (2012) ("It is well-established that '[t]he cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature.'" (alteration in original) (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581 ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992))); *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 622, 611 S.E.2d 297, 301 (Ct. App. 2005) ("The legislature's intent should be ascertained primarily from the plain language of the statute."); *id.* at 622, 611 S.E.2d at 302 ("The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose."); S.C. Code Ann. § 23-3-430(E)-(G) (2007 & Supp. 2016) (providing three avenues for removal from the sex offender registry: (1) notification to the State Law Enforcement Division "by the Attorney General that the person's adjudication, conviction, guilty plea, or plea of nolo contendere for" a registerable offense "was reversed, overturned, or vacated on appeal and a final judgment has been rendered"; (2) a pardon for the offense for which the person was required to register that specifically states its basis is a finding of not guilty; and (3) a grant of a habeas corpus petition ordering a new trial if a verdict of not guilty is returned at that trial or entered with the State's consent); *State v. Walls*, 348 S.C. 26, 31, 558 S.E.2d 524, 526 (2002) ("[T]he General Assembly did not intend to punish sex offenders, but instead intended to protect the public from those sex offenders who may re-offend and to aid law enforcement in solving sex crimes . . . . [T]he language [of section 23-3-400 (Supp. 2016)] indicates the General Assembly's intention to create a non-punitive act."); *Hendrix v. Taylor*, 353 S.C. 542, 552, 579 S.E.2d 320, 325 (2003) ("[T]he length

of time one must be listed on the sex offender registry is non-punitive, and it cannot constitute a deprivation of a constitutionally protected liberty interest."); *Key Corp. Capital, Inc. v. Cty. of Beaufort*, 373 S.C. 55, 61, 644 S.E.2d 675, 678 (2007) ("[A] 'court's equitable powers must yield in the face of an unambiguously worded statute.'" (quoting *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989))); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 250, 715 S.E.2d 348, 353 (Ct. App. 2011) ("[E]quity follows the law . . . .").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.