Plaintiff below appeals from the trial court's grant of summary judgment based on facts stipulated by the parties. We affirm.
The stipulated facts are as follows: The defendant, Ronnie Kiedinger, who was eighteen years of age at the time, allowed Denise Keller, who was fourteen years of age at the time, to drive his aunt's car. Ronnie had permitted Denise to drive the car previously, and, on those occasions, she drove without accident or apparent problem. On this day, however, Denise drove across the center line into the wrong lane. She swerved to miss an oncoming car and lost control of the car she was driving, finally overturning into a pond where she drowned.
The complaint alleges that Ronnie Kiedinger's violation of Code 1975, § 32-5-65, was negligence per se, and that his negligence proximately caused the death of Denise *Page 131 
Keller. The defendant responds by asserting that the complaint fails to state a cause of action. Additionally, defendant denies the allegations of the complaint and pleads contributory negligence.
As father of the deceased minor, J.D. Keller filed suit pursuant to Code 1975, § 6-5-391. Under the statute, plaintiff's cause is derivative — his right of action depends on the right of the child, if she had survived, to maintain the action. Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973). Unless Denise Keller died with a cause of action against Ronnie Kiedinger, J.D. Keller would have no cause of action against Kiedinger.
Defendant contends that our past cases preclude a cause of action for negligent entrustment by an injured bailee. Our attention is directed to cases which appear to hold that a suit for negligent entrustment can be brought only by injured third parties. This Court has stated: "Liability in such cases depends [on] . . . injury to a third person resulting proximately from the incompetence of the bailee." Rush v.McDonnell, 214 Ala. 47, 50-51, 106 So. 175, 177 (1925) (emphasis supplied). Other Alabama decisions speak of injury to third persons as an element of negligent entrustment. See,e.g., Redmond v. Self, 265 Ala. 155, 90 So.2d 238 (1956);Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740 (1943). Those cases, however, came to us as suits by injured third parties against entrustors. We interpret the cases to require proximate personal injury, but we believe the cases speak of injury to third persons only because an injured third person was before the court as a party.
Only one reported Alabama case questions whether a bailee has a cause of action against his entrustor. In McDermott v.Hambright, 286 Ala. 249, 238 So.2d 876 (1970), the bailee's administrator alleged that the defendant entrusted his automobile to decedent knowing him to be "wholly incompetent and unfit to drive." In the opinion the court expressed doubt that the bailee has a cause of action under the theory of negligent entrustment, but we specifically declined to decide the issue. See, Id. at 251, 238 So.2d at 876.
Defendant, in support of his claim that a negligent entrustment cause is for third persons, argues that an action for negligent entrustment requires two acts of negligence — that of the entrustor in supplying the chattel and that of the bailee causing the injury. If this is true, defendant continues, there can be no cause of action for the bailee because, by definition, the cause requires the contributory negligence of the bailee.
We candidly acknowledge some past Alabama cases indicate that negligence on the part of the bailee is necessary in order for the injury to be proximately caused by the act of entrustment.See, e.g., Cooter v. State Farm Fire and Casualty Co.,344 So.2d 496 (Ala. 1977); McDermott v. Hambright, 286 Ala. 249,238 So.2d 876 (1970); Dean v. Johnston, 281 Ala. 602,206 So.2d 610 (1968); McGowin v. Howard, 251 Ala. 204, 36 So.2d 323
(1948). A correct statement of the rule, however, requires that the injury be proximately caused by the incompetence of the bailee. See, Rush v. McDonnell, 214 Ala. 51, 106 So. 178 (1925) (on rehearing). The distinction between a bailee's incompetence and his negligent operation of a car is made clear by Justice Somerville:
 We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine or respondeat superior. Yet the injurious conduct of the bailee, resulting from his incompetency as a driver, is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury. Hence any consideration of the owner's liability must involve also a consideration of the conduct of the bailee and of his legal culpability. *Page 132 
Id. at 51, 106 So. at 178-79 (citation omitted).
An Alabama Law Review commentary further focuses the "incompetent bailee" requirement in negligent entrustment actions:
 Negligent entrustment is not a case of combined negligence; the entrustor's liability rests solely on his own negligence. A person who entrusts a motor vehicle to a known incompetent has himself committed a negligent act, and he is liable for all injuries proximately resulting therefrom. The entrustment is negligent because an unreasonable risk of harm is created by placing control of a motor vehicle in the hands of an incompetent driver. Thus the incompetence
of the driver and not his negligence should be the test for the proximate cause of the plaintiff's injuries.
Comment, Negligent Entrustment in Alabama, 23 Ala.L.Rev. 733, 750 (1971) (footnotes omitted).
The rule is logical — in some cases the incompetence of the bailee may render him incapable of legal negligence. In other cases, the entrustment may proximately result in injury without negligence on the part of the bailee. See Comment, NegligentEntrustment in Alabama, 23 Ala.L.Rev. 733, 751 (1971) (example). We find, therefore, that negligence on the part of the bailee is not a necessary element of negligent entrustment. Past cases to the contrary are overruled on the point.
It appears, then, the issue of a bailee's right of action for negligent entrustment is an issue not yet decided in this state. The Restatement would extend the entrustor's liability to his bailee:
Chattel for Use by Person Known to be Incompetent
 One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
Restatement (Second) of Torts § 390 (1965) (emphasis supplied). After careful consideration, we are convinced the Restatement proposes the best view, and we adopt § 390 as the law of this state.
Having decided a cause of action lies for a bailee against a negligent entrustor, we turn to plaintiff's contention that Ronnie Kiedinger's entrustment of the automobile to Denise Keller was per se negligent. Plaintiff cites Code 1975, §32-5-65:
 Any owner or person in charge of any motor vehicle who permits any child under the age of 16 years to operate such motor vehicle upon the public highways of this state . . . shall be guilty of a misdemeanor. . . .
Id.
We have in the past set down the requisite proof for a case of negligence per se, see, Fox v. Bartholf, 374 So.2d 294 (Ala. 1979), but we find it unnecessary to apply the doctrine in the case before us.
Without regard to plaintiff's charge that the defendant's act was negligent per se, the stipulated facts show, as a matter of law, Denise Keller was contributorily negligent. Contributory negligence is a defense to a bailee's claim against his bailor for negligent entrustment. We quote a comment to § 390:
 The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after *Page 133 
receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.
Restatement (Second) of Torts § 390, Comment c (1965). According to the comments, contributory negligence will bar the bailee's claim unless the bailee's lack of capacity makes him incapable of contributory negligence, or unless the bailor's entrustment was so reckless as to constitute wanton entrustment. In cases of negligent entrustment, as in any negligence case, the defense of contributory negligence reflects the strong public policy that one should not benefit from his own negligence.
Our cases uniformly hold a child over the age of fourteen years is capable of contributory negligence. See, e.g., Evansv. Buck Creek Cotton Mills, 231 Ala. 75, 163 So. 591 (1935),Beavers v. Southern Railway Company, 212 Ala. 600, 103 So. 887
(1925). Additionally, when a child operates an automobile, he engages in an adult activity, and the public interest requires the minor be held to an adult standard of care. Gunnells v.Dethrage, 366 So.2d 1104 (Ala. 1979). Under our past decisions Denise Keller is capable of contributory negligence, and, absent wanton entrustment, her contributory negligence will bar the claim of negligent entrustment.
Whether Denise was contributorily negligent per se, we do not decide. Negligence, however, may be accomplished without regard to violation of a statute. Irrespective of §§ 32-5-55 (driver required to drive on the right side of highway) and 32-5-64
(persons under sixteen prohibited from driving), a reasonable person does not drive on the wrong side of the road as a car approaches from the opposite direction.
The stipulated facts show Denise was a fourteen-year-old who had satisfactorily driven the car on several previous occasions. Just before the accident, she was driving on the wrong side of the road, making it necessary to dodge an oncoming car. When she dodged the car, she lost control of the car she was driving and was killed.
Although application of the expected standard of care and questions of proximate cause are normally for the jury, at the point reasonable men cannot differ, questions of fact may be decided as matters of law. Baptist Medical Center v. Byars,289 Ala. 713, 271 So.2d 847 (1972). The record before us is devoid of evidence demonstrating the aggravated, reckless conduct of the defendant which is necessary for the action of wanton entrustment. Further, whether Denise is held to the standard of care of an adult, or whether she is held to the standard expected of a fourteen-year-old, the stipulated facts show as a matter of law her negligence caused her death.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
BLOODWORTH, J., concurs in the result only.
MADDOX, J., with whom JONES, SHORES and BEATTY, JJ., join, dissents.