RAY B. MEACHUM AND WIFE, JOYCE B. MEACHUM, CO-EXECUTORS OF THE ESTATE OF LEE ANN MEACHUM v. BRANFORD SIMPSON FAW

No. 9220SC1080

(Filed 2 November 1993)

**Automobiles and Other Vehicles § 440 (NCI4th)— negligent entrustment — action by bailee against bailor — action barred by bailee's contributory negligence**

A bailee may bring an action for negligent entrustment against the bailor, but such action is subject to the defense of contributory negligence. In this case, the unlicensed sixteen-year-old decedent's own negligence in driving while voluntarily intoxicated rose to the level of defendant's negligence in en-

trusting the automobile to her, and plaintiffs' claim was therefore barred by decedent's contributory negligence.

**Am Jur 2d, Automobiles and Highway Traffic §§ 643-646.**

Appeal by plaintiffs from order entered 20 August 1992 by Judge William H. Helms in Anson County Superior Court. Heard in the Court of Appeals 30 September 1993.

Plaintiffs brought this action against defendant alleging that he negligently allowed plaintiffs' 16-year-old daughter, whom he knew to be an unlicensed and incompetent driver, to drive his car after she had consumed substantial amounts of mind-altering substances and further alleging that, as a result of her intoxication and incompetence, the daughter drove defendant's car recklessly and at a high rate of speed, eventually driving the car off the highway and having a wreck resulting in her death. Defendant filed a motion to dismiss, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), for failure to state a claim upon which relief can be granted. The trial court entered an order granting defendant's motion to dismiss, and from this order, plaintiffs appeal.

*F. O'Neil Jones for plaintiffs-appellants.*

*Caudle & Spears, P.A., by Harold C. Spears and Timothy T. Leach, for defendant-appellee.*

McCRODDEN, Judge.

Plaintiffs' sole argument on appeal is that the trial court erred in dismissing their complaint because it stated a claim for relief, to wit: negligent entrustment. For the reasons stated below, we reject this argument and affirm the order of the trial court.

In their complaint plaintiffs alleged that early in the morning of 31 December 1989, their decedent, Lee Ann Meachum, was driving defendant's car under the express authority of defendant. The complaint also averred that:

> [The decedent] was an unlicensed motor vehicle operator and that she was 16 years of age, and that she was inexperienced in the operation of motor vehicles; and further that on December 31, 1989, [decedent] had a known proclivity for impulsive conduct, and had an addiction to mind altering substances; and that on the night of December 31, 1989, [decedent] had con-

MEACHUM v. FAW

[112 N.C. App. 489 (1993)]

sumed a substantial amount of intoxicating substances in the presence of and at the bequest [sic] of [defendant]; and at the time alleged hereinabove, [decedent] was under the influence of some mind altering substances, and that [defendant] was aware of all of the above conditions and that [defendant] knew or by the exercise of reasonable care, should have known, that the driver was incompetent, inexperienced, or reckless in the operation of the motor vehicle; and in spite of this, permitted [decedent], an unlicensed driver, to operate a motor vehicle while under the influence of some mind altering substance and at a high rate of speed as above alleged.

5. That [defendant] negligently entrusted said automobile to [decedent] knowing at the time she was unlicensed; knowing at the time that she was intoxicated; knowing that she had a history of impulsive and erratic behavior; and knowing that she had a tendency to drive the automobile at a high rate of speed; and that her inexperienced operation of a motor vehicle would likely cause the motor vehicle to wreck and to harm herself or others; and, in spite of this knowledge, he did entrust said automobile to [decedent]; and that she thereafter did drive the automobile in a reckless and negligent fashion, and that as a direct result of her reckless, negligent, incompetent and inexperienced operation of the motor vehicle, there was a wreck, at the time and place of above alleged, and that as a result of the wreck [decedent] died.

A motion to dismiss tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). A decedent's estate may bring an action for wrongful death only to recover such damages as the decedent could have recovered had he lived. N.C. Gen. Stat. § 28A-18-2 (Supp. 1992); *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 647, 423 S.E.2d 72, 73 (1992). Therefore, we must determine whether, under the allegations of the complaint, decedent could have maintained a negligence action against defendant had she lived. *Id.*

Generally, one who entrusts a vehicle to a person who the bailor knows or, in the exercise of ordinary care, should know is intoxicated (or likely to become so), incompetent or reckless and is likely to cause injury may be liable for damages resulting from the bailee's negligent use of the vehicle. *McIlroy v. Akers Motor Lines*, 229 N.C. 509, 514, 50 S.E.2d 530, 533 (1948). The

cause of action rests on the independent culpable negligence of the bailor in entrusting the automobile to a person whom he knew or should have known was likely to cause injury. *Roberts v. Hill*, 240 N.C. 373, 378, 82 S.E.2d 373, 378 (1954). The negligence of the bailee merely furnishes the causal link between the primary negligence of the bailor and the injury or damage. *Id.*

Defendant asserts that decedent would not have been entitled to bring this action because a negligent entrustment action may only be brought by a third party, not the bailee. While it is true that a number of North Carolina cases have stated that one of the necessary elements of negligent entrustment is injury to a third party, *see, e.g., Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E.2d 584, *disc. review denied*, 309 N.C. 191, 305 S.E.2d 734 (1983), *Roberts v. Hill*, 240 N.C. 373, 82 S.E.2d 373, *McIlroy v. Akers Motor Lines*, 229 N.C. 509, 50 S.E.2d 530, no North Carolina case has directly faced the issue of whether a negligent bailee may recover against a bailor for negligent entrustment, nor has one held that only a third party may recover under the theory of negligent entrustment. The case of *Osborne v. Gilreath*, 241 N.C. 685, 86 S.E.2d 462 (1955), although not directly addressing the question, leaves open the possibility that one who is not a third party might recover under the negligent entrustment theory. In *Osborne*, the plaintiff alleged that the defendant's negligence in driving his vehicle or allowing someone to drive his vehicle had caused the death of the plaintiff's intestate. Our Supreme Court found that, while there was a dispute about who had been operating the vehicle, there was evidence tending to show that the plaintiff's intestate had been driving at the time of the accident, and, since the plaintiff's complaint alleged no negligence on the part of the intestate or any other potential driver, the plaintiff was not entitled to rely on the theory of negligent entrustment. *Osborne*, 241 N.C. at 688, 86 S.E.2d at 464. The Court affirmed the trial court's dismissal of the plaintiff's action.

Cases from other jurisdictions offer valuable insight. *See, e.g., Casebolt v. Cowan*, 829 P.2d 352 (Colo. 1992); *Gorday v. Faris*, 523 So.2d 1215 (Fla. App. 1988); *Blake v. Moore*, 208 Cal. Rptr. 703 (1984); and *Keller v. Kiedinger*, 389 So.2d 129 (Ala. 1980). Of these, *Keller v. Kiedinger* is particularly instructive. In that case, the defendant, an 18-year-old boy, allowed the decedent, a 14-year-old girl, to drive his aunt's car. While driving, the decedent lost control of the vehicle and crashed into a pond where she drowned.

The defendant in *Keller* argued, as defendant does here, that a bailee injured by her own negligence may not bring suit against the bailor. The Alabama Supreme Court found that the essence of a claim for negligent entrustment was the primary negligence of the bailor in entrusting the chattel to the incompetent bailee, not the bailee's negligence. *Keller*, 389 So.2d at 132. Thus, the bailee's negligence was not an essential element of the claim against the bailor and the claim was not barred *per se* by the doctrine of contributory negligence. *Id.* The *Keller* court, like each of the other courts that have allowed a negligent entrustment claim to be brought by a negligent bailee, adopted the view of the Second Restatement of Torts.

Section 390 of the Restatement provides:

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to *himself and others* whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390 (1965) (emphasis added). The *Keller* court also relied upon the commentary to Section 390 to find that contributory negligence was a defense to an action for negligent entrustment:

As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely . . . or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. . . . [However] if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.

Restatement (Second) of Torts § 390 cmt. c (1965). The *Keller* court found that the decedent was contributorily negligent as a matter of law and that, in the absence of any evidence that defendant had wantonly entrusted the car to the decedent, the plaintiff's action was barred. 389 So.2d at 133.

Like the Alabama Supreme Court, we find the view presented in the Restatement compelling and adopt it as our own. Thus, we hold that a bailee may bring an action for negligent entrustment against the bailor but that such an action is subject to the defense of contributory negligence.

In this case, plaintiffs alleged in their complaint that the decedent "drove the automobile in a reckless manner and at a high and unlawful rate of speed, and without maintaining a proper control and proper lookout. . . ." Plaintiffs admitted on the face of their complaint that the decedent was contributorily negligent. They argue, however, that such contributory negligence should not be a bar to their action because the defendant's actions were wanton and willful.

While it is true that ordinary contributory negligence is no defense to an action based on wanton and willful conduct, *Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 519, 361 S.E.2d 909, 914 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988), we reject plaintiffs' argument on the basis of a similar case decided by our Supreme Court. In *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, the estate of 21-year-old man who had been killed as a result of driving while extremely intoxicated brought an action against the seller of the alcohol. Although the Court recognized that ordinary contributory negligence is not a defense to an action for willful and wanton negligence, it held that the plaintiff's claim was barred because the decedent's contributory negligence rose at least to the level of the defendant's fault. *Sorrells*, 332 N.C. at 649, 423 S.E.2d at 74.

Plaintiffs allege in their complaint that decedent had consumed mind-altering substances and was under the influence of such substances when she wrecked the car. This admission is fatal to plaintiffs' claim. At the time of her death, decedent was 16 years old. There is a rebuttable presumption that a person at that age, indeed at the age of 14, possesses the capacity of an adult to protect himself and is, therefore, chargeable with the same standard of care for his own safety as if he were an adult. *Welch v. Jenkins*,

271 N.C. 138, 144, 155 S.E.2d 763, 768 (1967). Hence, decedent presumptively had the capacity to be contributorily negligent. *Id.* at 142, 155 S.E.2d at 767. At her age, the decedent also presumptively had the capacity to commit a crime, *State v. Rogers*, 275 N.C. 411, 424, 168 S.E.2d 345, 353 (1969), *cert. denied*, 396 U.S. 1024, 24 L.Ed.2d 518 (1970), *e.g.*, possessing and consuming alcohol. N.C. Gen. Stat. § 18B-302(b) (1989).

Nothing in the allegations of the complaint rebuts these presumptions as to plaintiffs' decedent. Although the complaint does allege that decedent consumed the mind-altering substances "in the presence of and at the bequest [*sic*] of the defendant", there is no allegation that the decedent's consumption and subsequent intoxication were involuntary. We believe that, as in *Sorrells*, the decedent's own negligence in driving while voluntarily intoxicated rose to the level of the defendant's negligence in entrusting the automobile to her. Therefore, we find that, as a matter of law, the plaintiffs' claim is barred by decedent's contributory negligence as alleged in the complaint. Hence, plaintiffs' complaint failed to state a claim upon which relief might be granted, and the trial court properly dismissed the action. We affirm its order.

Affirmed.

Judges JOHNSON and COZORT concur.