540 S.E.2d 102

**Mitchell LYDIA, Appellant,**

v.

**Steve C. HORTON, Respondent.**

**Lisa Mullinax Lydia, Appellant,**

v.

**Steve C. Horton, Respondent.**

**No. 3256.**

Court of Appeals of South Carolina.

Heard Oct. 10, 2000.
Decided Oct. 30, 2000.
Rehearing Denied Jan. 29, 2001.

Andrew C. Barr, of Fulton & Barr, of Greenville, for Appellant.

Samuel W. Outten and John Patrick Riordan, both of Leatherwood, Walker, Todd & Mann, of Greenville, for Respondent.

ANDERSON, Judge:

Mitchell Lydia brought a first party action against Steve C. Horton for negligent entrustment of his vehicle. The trial judge granted Horton's Motion for Judgment on the Pleadings. We reverse and remand.

## *FACTS/PROCEDURAL BACKGROUND*

The complaint alleges the following facts: (1) on April 27, 1995, Horton owned, controlled, or had custody of a 1973 Volkswagen automobile; (2) Horton entrusted his vehicle to the operation and control of Lydia; (3) at all times, Lydia was incompetent to operate the motor vehicle by reason of his impairment by intoxication; (4) Horton knew or, by reason of plaintiff's obvious intoxicated condition, should have known that the plaintiff was incompetent to operate the motor vehicle; (5) Lydia was operating the motor vehicle on Secondary Highway 13 near Gaffney when he lost control of the vehicle and skidded off the road, flipped the vehicle, and struck a tree; and (6) the collision caused serious injuries and damages to Lydia, including rendering him a quadriplegic.

Horton moved, pursuant to Rule 12(c), SCRCP, for judgment on the pleadings, averring the only legal inference to be drawn from the allegations in the complaint is that Lydia's negligence was greater as a matter of law than any negligence on the part of Horton. The Circuit Court granted Horton's motion. The court concluded:

I find that [Lydia's] Complaint, although stating the required elements for negligent entrustment, discloses that [Lydia's] negligence was greater than [Horton's], and that

[Lydia's] admitted negligence bars him from any recovery under comparative negligence. I find that persuasive case-law [sic] from other jurisdictions and the public policy of South Carolina support barring [Lydia's] recovery.

Lydia appeals the trial court's determination that he was not entitled to any relief.

## *ISSUES*

I. Does South Carolina recognize a first party cause of action for negligent entrustment?

II. Did the Circuit Court err in finding Lydia's negligence in operating a vehicle while impaired was greater as a matter of law than Horton's negligence in entrusting the vehicle to an intoxicated individual?

## *STANDARD OF REVIEW*

Any party may move for a judgment on the pleadings under Rule 12(c), SCRCP. The motion will be sustained only where the pleadings are so defective that, taking all the facts alleged in the pleadings as admitted, no cause of action or defense is stated. *Rosenthal v. Unarco Indus., Inc.,* 278 S.C. 420, 297 S.E.2d 638 (1982); *Diminich v.2001 Enters., Inc.,* 292 S.C. 141, 355 S.E.2d 275 (Ct.App.1987). A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. *Russell v. City of Columbia,* 305 S.C. 86, 406 S.E.2d 338 (1991); *Douglass ex rel. Louthian v. Boyce,* 336 S.C. 318, 519 S.E.2d 802 (Ct.App.1999). A complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever. *Baldwin v. Sanders,* 266 S.C. 394, 223 S.E.2d 602 (1976).

A judgment on the pleadings is in the nature of a demurrer. *Russell, supra; Brown v. United Ins. Co.,* 268 S.C. 254, 233 S.E.2d 298 (1977). All properly pleaded factual allegations are deemed admitted for purposes of considering the motion for judgment on the pleadings. *Baker Hosp. v. Firemans Fund Ins. Co.,* 314 S.C. 98, 441 S.E.2d 822 (1994); *Crowe v. Domestic Loans, Inc.,* 242 S.C. 310, 130 S.E.2d 845

(1963). When a fact is well pleaded, any inferences of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in the averment. *Crowe, supra; Douglass ex rel. Louthian, supra.*

On review of the motion, the court may not consider matters outside the pleadings. *Firemen's Ins. Co. v. Cincinnati Ins. Co.*, 302 S.C. 234, 394 S.E.2d 855 (Ct.App.1990). Our courts have held that pleadings in a case should be construed liberally so that substantial justice is done between the parties. *Russell v. City of Columbia*, 305 S.C. 86, 406 S.E.2d 338 (1991); *Manning v. Dial*, 271 S.C. 79, 245 S.E.2d 120 (1978). A judgment on the pleadings is considered to be a drastic procedure. *Russell, supra; United States Casualty Co. v. Hiers*, 233 S.C. 333, 104 S.E.2d 561 (1958).

## *LAW/ANALYSIS*

### I. Negligent Entrustment in South Carolina

South Carolina has recognized a cause of action for negligent entrustment when a third party is injured by a vehicle entrusted by its owner to an intoxicated individual. *See McAllister v. Graham*, 287 S.C. 455, 339 S.E.2d 154 (Ct.App.1986). The elements of negligent entrustment are:

(1) Knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking, (2) that (sic) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated, and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver.

*Jackson v. Price*, 288 S.C. 377, 382, 342 S.E.2d 628, 631 (Ct.App.1986).

In *American Mut. Fire Ins. Co. v. Passmore*, 275 S.C. 618, 274 S.E.2d 416 (1981), our Supreme Court stated:

The theory of negligent entrustment provides: "the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment." 19 A.L.R.3d 1175, 1192, cited in *Bahm v. Dormanen*, 168 Mont. 408, 543 P.2d 379, 381 (1975).

*American Mut. Fire Ins. Co.*, 275 S.C. at 621, 274 S.E.2d at 418.

South Carolina has acknowledged that giving control of property, such as an air rifle, can be negligent. While not specifically labeling this "negligent entrustment," the same rationale is utilized in finding liability. In *Howell v. Hairston*, 261 S.C. 292, 199 S.E.2d 766 (1973), the Court held:

> Whether one is negligent or prudent depends in large measure on all of the surrounding circumstances, and failure to use due care, amounting to negligence, may be proved by direct as well as by circumstantial evidence. **In order to hold the parents ... liable, evidence must be submitted tending to prove that a prudent parent would not have entrusted [his/her child] with an air rifle under the same or similar circumstances.** A parent might be justified in entrusting an air rifle to a particular child while residing in a thinly populated rural area; the same parent might not be justified in entrusting an air rifle to the same child in a thickly populated area where children are accustomed to play.
>
> From the evidence to which reference has been made above, an inference can reasonably be drawn that the [parents] failed to act as reasonably prudent parents under the circumstances.

*Howell*, 261 S.C. at 298–99, 199 S.E.2d at 769 (emphasis added).

This Court, in *Dennis by Evans v. Timmons*, 313 S.C. 338, 437 S.E.2d 138 (Ct.App.1993), found a screwdriver was "not an instrument of dangerous propensities and potentialities." *Id.* at 341, 437 S.E.2d at 140. The Court observed: "Furthermore, unlike the air rifle in *Howell*, **the [parents] did not entrust the screwdriver, negligently or otherwise, to a person who, on account of his youth and want of experience, was incapable of evaluating the dangers incident to its use.**" *Id.* at 341, 437 S.E.2d at 140–41 (emphasis added). These cases are illustrative of the Court applying the underlying theory of negligent entrustment in a situation other than an intoxicated driver.

## II. Restatement (Second) of Torts §§ 308 and 390

The Restatement (Second) of Torts § 308 (1965), reads:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

According to comment b to Restatement (Second) of Torts § 390 (1965), the "rule stated in [§ 390] is a special application of the rule stated in § 308." Section 390 provides:

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Cases such as *Howell v. Hairston,* 261 S.C. 292, 199 S.E.2d 766 (1973), and *Dennis by Evans v. Timmons,* 313 S.C. 338, 437 S.E.2d 138 (Ct.App.1993), are grounded upon the same premise: an item may be used by someone who is, "on account of his youth and want of experience, . . . incapable of evaluating the dangers incident to its use." *Dennis by Evans,* 313 S.C. at 341, 437 S.E.2d at 140–41. South Carolina has never predicated its decisions on the Restatement (Second) of Torts § 390. However, we have consistently recognized the common law tort of negligent entrustment. *See Nettles v. Your Ice Co.,* 191 S.C. 429, 4 S.E.2d 797 (1939).

Other jurisdictions have relied upon § 390 of the Restatement (Second) of Torts as the basis for their negligent entrustment cause of action. *See Keller v. Kiedinger,* 389 So.2d 129 (Ala.1980)(adopting § 390 of the Restatement allowing for a first party cause of action by bailee against bailor for negligent entrustment, but permitting contributory negligence to be a defense); *Joseph v. Dickerson,* 754 So.2d 912 (La. 2000)(court, citing § 390, established duty on part of lending car owner to not entrust her car to another, when owner knows or has reason to know borrower is likely to use car in

manner involving an unreasonable risk of physical harm, because of borrower's youth, inexperience, intoxication, incompetence, or otherwise); *Sharp v. Odom,* 743 So.2d 425, 430 (Miss.Ct.App.1999) (holding "[t]here is no prior precedent in Mississippi to establish a negligent entrustment of a firearm cause of action. However, Mississippi follows the general rule provided by the Restatement (Second) of Torts § 390 in cases that involve an owner of a vehicle negligently entrusting the vehicle to another."); *Splawnik v. DiCaprio,* 146 A.D.2d 333, 540 N.Y.S.2d 615 (N.Y.App.Div.1989) (court found plaintiff's action was premised upon § 390 and ruled tort of negligent entrustment was based on degree of knowledge supplier had or should have had concerning entrustee's propensity to use chattel in improper or dangerous fashion; supplier had duty to withhold chattel which may be used in dangerous fashion from party whom he knows or should know will have propensity to use it in such fashion); *Meachum v. Faw,* 112 N.C.App. 489, 436 S.E.2d 141 (1993) (adopting Restatement (Second) of Torts § 390 to allow first party cause of action brought by bailee against bailor for negligent entrustment); *Denby v. Davis,* 212 Va. 836, 188 S.E.2d 226 (1972) (quoting Restatement (Second) of Torts § 390, the court concluded the correct test of liability for negligent entrustment of automobile to another is whether owner knew, or had reasonable cause to know, he was entrusting his automobile to an unfit driver likely to cause injury to others).

*Prosser and Keeton on the Law of Torts* enlightens and elucidates that the theory of negligent entrustment is based on the negligence of the entrustor:

A parent, for example, like anyone else, may be negligent in entrusting to a child a dangerous instrument such as a gun, or a thing dangerous in the hands of that particular child because of his handicaps or propensity to misuse it, for example, matches or an automobile. Similarly the parent may be negligent in leaving such things where they are accessible to the child where misuse is a risk. (Footnotes omitted.)

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 123, at 914 (5th ed.1984). Another commentator explains "[t]he crux of the negligence is the knowledge of the entruster of the youth, inexperience, known propensity to-

wards reckless and irresponsible behavior, or other quality of the entrustee, indicating the possibility that he will cause injury." 1 J. Dooley, *Modern Tort Law* § 23.01 (1977).

Many of our decisions follow closely the logic of the Restatement. *See Howell v. Hairston,* 261 S.C. 292, 199 S.E.2d 766 (1973); *Jackson v. Price,* 288 S.C. 377, 342 S.E.2d 628 (Ct. App.1986); *McAllister v. Graham,* 287 S.C. 455, 339 S.E.2d 154 (Ct.App.1986). The Restatement is a correct statement of the amalgamation of cases decided in South Carolina under various theories of law including: (1) "negligent entrustment" under *Jackson, supra;* and (2) negligence under *Howell, supra.*

We adopt the Restatement (Second) of Torts §§ 308 and 390 as the appropriate standard for negligent entrustment.

## III. First Party Cause of Action

We determine if there is a first party cause of action under the Restatement (Second) of Torts § 390. A first party cause of action under the theory of "negligent entrustment" of a vehicle to an intoxicated individual is novel in South Carolina.

In *Tobias v. Sports Club, Inc.,* 332 S.C. 90, 504 S.E.2d 318 (1998), our Supreme Court concluded there is no first party cause of action under the alcohol control statutes against the tavern owner by an intoxicated adult. The Court ruled:

South Carolina Code Ann. § 61–4–580(2) prohibits the knowing sale of beer or wine to an intoxicated person, while § 61–6–2220 prohibits the sale of alcoholic beverages contained in minibottles to intoxicated persons. In recognizing a private cause of action for a violation of these statutes, the Court of Appeals stated that their purpose is to promote public safety, and to prevent an already intoxicated person from becoming even more intoxicated, and thus an even greater risk to the public at large, when he leaves the establishment. We agree. The Court of Appeals went further, however, and held that another of the statutory purposes was to protect the intoxicated person from their own incompetence and helplessness, and therefore concluded the intoxicated patron himself was entitled to bring a negligence suit for a statutory violation. We disagree, and

now hold that public policy is not served by allowing the intoxicated adult patron to maintain a suit for injuries which result from his own conduct.

Imposing liability on a tavern owner for continuing to serve an intoxicated person who later injures others serves public policy by imposing upon the tavern owner a duty to use judgment and discretion. We do not believe that the owner will exercise this judgment and discretion less prudently if he risks a law suit only when the intoxicated person injures others. The decision to refuse to serve alcoholic beverages, beer or wine to an intoxicated patron will be unaffected by our decision today. In overruling *Christiansen* [*v. Campbell*, 285 S.C. 164, 328 S.E.2d 351 (Ct.App.1985) ], we join other jurisdictions that have refused to allow intoxicated persons to maintain a first party action against a tavern owner based on alleged violations of statutes imposing criminal penalties for the sale of alcoholic beverages to an intoxicated adult.

*Tobias*, 332 S.C. at 92, 504 S.E.2d at 319–20.

Horton argues *Tobias* can be cited for the proposition that an adult who is voluntarily intoxicated is still held to a reasonable person standard. While *Tobias* may be instructive when considering the comparative negligence of the voluntarily intoxicated adult, it should in no way be determinative of whether a first party cause of action for negligent entrustment may be sustained. *Tobias* concludes "we join other jurisdictions that have refused to allow intoxicated persons to maintain a first party action against a tavern owner based on alleged *violations of statutes imposing criminal penalties for the sale of alcoholic beverages to an intoxicated adult.*" *Id.* at 92, 504 S.E.2d 318, 504 S.E.2d at 320 (emphasis added). The theory of negligent entrustment was *not* involved in *Tobias*.

The Court of Appeal for the Fifth District of California considered a similar argument in *Blake v. Moore*, 162 Cal. App.3d 700, 208 Cal.Rptr. 703 (1984). California limits the tort liability of suppliers of alcohol. In *Blake*, the owner of the vehicle provided the alcohol consumed by the injured driver as well as the vehicle. The entrustee brought the action claiming he was too drunk to be entrusted the car. In the trial court, the entrustee argued the injuries were the

result of two proximate causes: (1) the negligent entrustment of a vehicle to an obviously drunken driver; and (2) the intoxication. Because no third person was involved, the trial court granted defendant summary judgment. On appeal, the court explicated:

In reaching our conclusion to reverse the judgment we look to the "furnishing" statute which in most, but not all, cases protects the supplier of alcoholic beverages from tort liability. The rationale is that the proximate cause of drunk driving accidents is not in the giving or selling of the liquor, but is in the consumption itself. **However, in this case more than liquor was supplied.**

**We find the immunity for the supplier of alcoholic beverages protects only against the risks directly flowing from the supply of the liquor. It does not provide immunity for the entrustment of the car.** Therefore, two concurrent causes were at work when plaintiff lost control of the vehicle. Because comparative negligence principles apply, issues of fact were present, requiring trial on the merits.

*Blake*, 208 Cal.Rptr. at 704 (emphasis added). The California court acknowledged the difficulty the plaintiff would face in attempting to assign fault to the entrustor of the vehicle when comparing it to his own decision to drink and drive. However, the court emphasized the cause of action was viable nonetheless.

 Negligent entrustment, as annunciated under the standard of the Restatement (Second) of Torts § 390, encompasses more than an intoxicated adult being given the keys to an automobile who is subsequently involved in an accident. It includes an individual giving a gun to a child who then shoots himself because he has no understanding of how to use the weapon or the risks involved. Negligent entrustment embraces a legally incompetent individual entrusted with an automobile who thereafter is involved in an accident.

Additionally, comment c to § 390 reads:

The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm

> complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.

This comment shows the drafters' belief that a first party cause of action could be maintained, but understood that it would be limited by the prevailing negligence theory in the specific jurisdiction.

## IV. Other Jurisdictions Recognizing First Party Cause of Action

Jurisdictions around the country have held a first party cause of action can be brought for negligent entrustment. These jurisdictions rely in some manner upon the Restatement (Second) of Torts § 390. The cases have allowed first party causes of action for underage drivers and where the individual injured was an intoxicated adult.

Courts have found a bailor is liable to a bailee under the doctrine of negligent entrustment if the bailee is injured through his or her own negligence or incompetence and the bailor knew or should have known the bailee was likely to injure himself or herself because of inexperience or inability in using the object of the bailment. Ward Miller, Annotation, *Negligent Entrustment: Bailor's Liability To Bailee Injured Through His Own Negligence Or Incompetence*, 12 A.L.R.4th

1062 (1982). The situation has arisen most commonly in the bailment of an automobile, with an automobile owner loaning an automobile to a young and inexperienced driver. *Id.* Yet, although holding that a bailee, who alleges that it was negligence for a bailor to entrust him or her with a certain object, has stated a valid cause of action, courts have indicated a willingness to allow traditional defenses of contributory negligence or assumption of the risk to bar recovery in some cases. *Id.*

One of the first cases to apply the above principles to a first party cause of action was *Keller v. Kiedinger*, 389 So.2d 129 (Ala.1980). The defendant, an eighteen-year-old boy, allowed the decedent, a fourteen-year-old girl, to drive his aunt's car. While driving, the decedent drove across the center line into the wrong lane. She swerved to avoid an oncoming vehicle, lost control, overturned the vehicle in a pond, and drowned as a result of the accident. The girl's father brought an action for negligent entrustment against the defendant.

The defendant argued that a bailee injured by her own negligence may not bring suit against the bailor. The Supreme Court of Alabama found the essence of a claim for negligent entrustment was the primary negligence of the bailor in entrusting the chattel to the incompetent bailee, not the bailee's negligence. Thus, the bailee's negligence was not an essential element of the claim against the bailor and the claim was not barred per se by the doctrine of contributory negligence.

The court held: "After careful consideration, we are convinced the Restatement proposes the best view, and we adopt § 390 as the law of this state." *Id.* at 132. The court recognized a bailee may maintain a cause of action against a bailor for negligent entrustment. Relying upon comment c to § 390, the *Keller* court declared contributory negligence was a defense to an action for negligent entrustment. The court concluded the decedent was contributorily negligent as a matter of law and, in the absence of any evidence that defendant had wantonly entrusted the car to the decedent, the plaintiff's action was barred.

Similarly, the Court of Appeals of North Carolina examined the issue in *Meachum v. Faw*, 112 N.C.App. 489, 436 S.E.2d

141 (1993). In that case, the plaintiffs brought an action for negligent entrustment against the defendant alleging he negligently allowed the plaintiffs' sixteen-year-old daughter, whom he knew to be an unlicensed and incompetent driver, to drive his car after she had consumed substantial amounts of mind-altering substances. The plaintiffs further averred that the daughter, as a result of her intoxication and incompetence, drove defendant's car recklessly and at a high rate of speed, eventually driving the car off the highway and having a wreck resulting in her death.

The court elucidated: "Like the Alabama Supreme Court [in *Keller, supra* ], we find the view presented in the Restatement compelling and adopt it as our own. Thus, we hold that a bailee may bring an action for negligent entrustment against the bailor but that such an action is subject to the defense of contributory negligence." *Meachum,* 436 S.E.2d at 144. The *Meachum* court affirmed the trial court's dismissal of the action: "[T]he decedent's own negligence in driving while voluntarily intoxicated rose to the level of the defendant's negligence in entrusting the automobile to her. Therefore, we find that, as a matter of law, the plaintiffs' claim is barred by decedent's contributory negligence as alleged in the complaint." *Id.* at 145.

South Carolina, unlike North Carolina and Alabama, adopted comparative negligence in lieu of contributory negligence. States utilizing comparative negligence rely upon the Restatement's view allowing for a first party cause of action by the entrustee.

In *Blake v. Moore,* 162 Cal.App.3d 700, 208 Cal.Rptr. 703 (1984), the California Court of Appeal, citing § 390 of the Restatement (Second) of Torts, determined the injured, intoxicated driver of a vehicle could pursue the owner of the automobile for negligent entrustment. The court found helpful illustration 7 to comment c of § 390. The court expounded:

[T]he California comparative negligence doctrine was established, abrogating contributory negligence as a complete bar to recovery on a negligence complaint. Voluntary intoxication may amount to wilful misconduct. Nevertheless, the

drinking is not so "intentional" that it disqualifies an injured person from comparative negligence relief.

Plaintiff may be unable to excuse his voluntary intoxication. Nevertheless, he is entitled to a comparative fault trial. This should result in a weighing of defendant's fault in entrusting his car to plaintiff with knowledge of the intoxication, and the fault of plaintiff in drinking and then driving.

*Blake,* 208 Cal.Rptr. at 708 (citations omitted).

Florida has likewise permitted an injured, drunken driver to sue the owner under negligent entrustment. *Gorday v. Faris,* 523 So.2d 1215 (Fla.Dist.Ct.App.1988), involved the entrustment of a vehicle by the intoxicated owner-passenger to his intoxicated friend. The plaintiff admitted his intoxication and that he agreed to drive the car. When he fell asleep at the wheel of the automobile, the plaintiff had an accident which resulted in his paralysis. The plaintiff sued his friend, claiming the friend negligently entrusted his car to an intoxicated driver. After reviewing cases from other jurisdictions and the Restatement (Second) of Torts § 390, the court decided:

Upon our review of the authorities cited, we conclude, in agreement with appellants, that this action is properly maintainable under the "negligent entrustment" theory, and that the evidence tending to establish negligence on the part of Brown in consciously deciding to take control of the vehicle, even though he knew he was in no condition to drive, must be weighed and considered, under comparative negligence principles, in relation to the evidence tending to establish negligence on the part of Faris in turning the car over to one whose faculties he either knew or should have known were impaired by drinking . . . . .

. . . We are persuaded, in view of the existence of the comparative negligence rule in Florida, that the liability for negligent entrustment under the circumstances indicated by the pleadings and the proofs thus far submitted in this case must be determined by the trier of fact after a comparative fault trial.

*Gorday,* 523 So.2d at 1219.

*King v. Petefish,* 185 Ill.App.3d 630, 133 Ill.Dec. 636, 541 N.E.2d 847 (1989), is particularly instructive. In *King,* the

defendant loaned her car to the decedent, an unlicensed, intoxicated fifteen-year-old girl. While driving the car, the decedent had an accident and died as a result. Decedent's estate brought an action against the entrustor of the vehicle.

The defendant contended Illinois did not recognize a cause of action by the entrustee against the entrustor and, even assuming it did, such a cause of action would be self-defeating because the negligence of the decedent was the proximate cause of her own injuries. The Appellate Court of Illinois stated:

It appears that in States where contributory negligence is the rule, such as Alabama (*see Keller,* 389 So.2d 129), a cause of action by an entrustee against an entrustor under section 390 will be a self-defeating claim. However, the States that have adopted comparative negligence seem to uniformly accept such a cause of action. We find section 390 of the Restatement is appropriately applied to negligent entrustment cases of the type before us and hold, by that authority, a suit brought by an injured entrustee against his entrustor is a viable cause of action in a comparative negligence jurisdiction.

*King,* 133 Ill.Dec. 636, 541 N.E.2d at 852. *See also* Steven C. Ward, *Entrustees' Right to Sue for Negligent Entrustment,* 78 Ill. B.J. 606 (Dec.1990)(arguing the adoption by *King v. Petefish* of a first party cause of action for negligent entrustment should be continued after Illinois switches from pure comparative negligence to modified comparative negligence).

The Supreme Court of Colorado addressed a comparable issue in *Casebolt v. Cowan,* 829 P.2d 352 (Colo.1992). The wife of an employee sued the employer for the wrongful death of her husband after her husband, who was intoxicated at the time, died while operating his employer's vehicle. The wife asserted liability based on a theory of negligent entrustment. The court clarified:

Section 390 establishes a framework for examining the entrustment of a vehicle to an individual who presents an unreasonable risk of drinking and driving, based either on known propensity or intoxication on the occasion of the entrustment. The framers of section 390 specifically envi-

sioned its application to cases of intoxicated entrustees. Illustration 7 states:

> A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D.

Other jurisdictions apply section 390 to instances where the entrustee's incompetence to operate a vehicle centers on or includes the consumption of alcohol. *E.g., Blake v. Moore,* 162 Cal.App.3d 700, 208 Cal.Rptr. 703, 707–08 (1984); *Gorday v. Faris,* 523 So.2d 1215 (Fla.Dist.Ct.App. 1988); *Snowhite v. State,* 243 Md. 291, 221 A.2d 342, 355 (1966); *Lombardo v. Hoag,* 237 N.J.Super. 87, 566 A.2d 1185, 1190 n. 4 (1989); *Cameron v. Downs,* 32 Wash.App. 875, 650 P.2d 260, 262 (1982). This accords with the general understanding that driving while intoxicated presents an unreasonable risk of physical harm to the driver and others.

Thus, we believe section 390 provides a basis for resolving the issues of duty (whether a supplier of a chattel owes any obligation to a person incurring physical harm from the use of the chattel by the person to whom it is supplied) and the specific standard of care (the criteria for assessing reasonable care in light of apparent risk) in the context of supplying chattels for the use of others.

*Casebolt,* 829 P.2d at 358.

The Colorado court ruled an entrustee can recover for physical harm to himself resulting from negligent entrustment. The court noted "[c]omparative negligence provides the appropriate framework for examining any negligence on the part of the [automobile borrower] who drives after consuming alcoholic beverages." *Id.* at 362.

The Court of Appeals of Texas, in *Jamar v. Patterson,* 910 S.W.2d 118 (Tex.Ct.App.1995), discussed whether recovery for negligent entrustment was limited to third parties. The plaintiff in *Jamar,* an unlicensed, twelve-year-old driver, sustained

facial injuries when she lost control of a dune buggy she was driving and struck a tree. She brought a suit against the owner of the dune buggy alleging the owner had negligently permitted her to operate the vehicle. The jury returned a verdict for the plaintiff. The defendant appealed asserting there is no first party cause of action for negligent entrustment.

The court found Texas law recognized a cause of action by a driver against the owner based upon negligent entrustment. The court amplified:

> Moreover, recovery by the driver against the owner has been recognized in other jurisdictions where negligent entrustment was proven and not barred by contributory negligence. No case has been cited or found from another jurisdiction which limits such recovery to third parties. Furthermore, negligent entrustment is actionable by the driver under the Restatement (Second) of Torts § 390 cmt. c (1965). We are also aware of no policy reason for denying recovery to the driver for negligent entrustment.

*Jamar*, 910 S.W.2d at 121 (footnote omitted).

## V. Comparative Negligence in South Carolina

In *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991), our Supreme Court adopted a modified version of comparative negligence. Under this system, for all causes of action arising on or after July 1, 1991, a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. *Davenport v. Cotton Hope Plantation Horizontal Property Regime*, 333 S.C. 71, 508 S.E.2d 565 (1998); *Nelson, supra. Nelson* made clear that a plaintiff's contributory negligence would no longer bar recovery unless such negligence exceeded that of the defendant.

We agree that a cause of action for negligent entrustment in the instant case by the intoxicated entrustee may be difficult in its application. *See Blake v. Moore*, 162 Cal.App.3d 700, 208 Cal.Rptr. 703 (1984); *Gorday v. Faris*, 523 So.2d 1215 (Fla.Dist.Ct.App.1988); *King v. Petefish*, 185 Ill.App.3d 630, 133 Ill.Dec. 636, 541 N.E.2d 847 (1989). The voluntarily intoxicated driver will have difficulty excusing his own negli-

gent actions sufficiently to collect against the owner. However, in the case *sub judice,* no facts have been developed beyond the pleading verbiage.

Lydia admits in his complaint that he was intoxicated and incompetent to drive the vehicle. Concomitantly, factual conflicts remain in regard to: (1) the degree of Lydia's intoxication and incompetence; and (2) the extent of Horton's knowledge of Lydia's intoxication.

*Creech v. South Carolina Wildlife and Marine Resources Dep't,* 328 S.C. 24, 491 S.E.2d 571 (1997), illuminates regarding the comparative negligence issue:

> **Comparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide.** *See, e.g., Ott v. Pittman,* 320 S.C. 72, 80, 463 S.E.2d 101, 106 (Ct.App.1995)(citing trial judge's statement that "because this was a comparative negligence case, even if the plaintiff's testimony amounted to an admission of negligence, it was a question of fact for the jury to compare the plaintiff's negligence [with that of the defendant]."); *cf. Gruber v. Santee Frozen Foods, Inc.,* 309 S.C. 13, 21, 419 S.E.2d 795, 800 (Ct.App.1992)("Generally, contributory negligence is a question for determination by the jury. But when the evidence admits only one reasonable inference, it becomes a matter of law for the determination of the court."), *cert. denied,* 1993. **A directed verdict is warranted only if the only reasonable inference that may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent.**

*Creech,* 328 S.C. at 33, 491 S.E.2d at 575 (emphasis added).

## *CONCLUSION*

We rule an entrustee may bring a first party cause of action for negligent entrustment against the entrustor of the vehicle or other chattel. We adopt the Restatement (Second) of Torts § 390 rule as the proper standard in South Carolina for negligent entrustment. We conclude this case was decided prematurely in view of the existence of the comparative negligence rule in South Carolina. The liability for negligent entrustment under a first party cause of action involves a comparison of a plaintiff's negligence with that of

the defendant. The fact finder is to compare the defendant's fault in entrusting his car to the plaintiff knowing the plaintiff's intoxication and impairment, and the fault of the plaintiff in drinking and then driving. Accordingly, we reverse the Circuit Court's order granting Horton's motion for judgment on the pleadings and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

GOOLSBY and HUFF, JJ., concur.

---

1. The lawsuit entitled *"Lisa Mullinax Lydia, Appellant v. Steve C. Horton, Respondent"* is an action for "loss of consortium" by the wife of Mitchell Lydia. Our opinion issued in this case is dispositive of the "loss of consortium" action.