**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1358**

BENCHMARK ELECTRONICS, INC.; BENCHMARK ELECTRONICS DE
MEXICO, S. DE R.L. DE C.V.,

Plaintiffs - Appellees,

v.

CREE INC.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro. William L. Osteen, Jr., District Judge. (1:16-cv-00529-WO-JLW)

Submitted: May 14, 2020                                      Decided: July 28, 2020

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Rebecca K. Lindahl, Michaela C. Holcombe, Charlotte, North Carolina, Charles A.
DeVore, KATTEN MUCHIN ROSENMAN LLP, Chicago, Illinois, for Appellant. Mark
R. Kutny, HAMILTON, STEPHENS, STEELE & MARTIN, PLLC, Charlotte, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benchmark Electronics, Inc., and Benchmark Electronics de Mexico, S. de R.L. de C.V. ("Benchmark") filed a complaint alleging breach of contract and unjust enrichment claims against Cree Inc. ("Cree"). Cree filed counterclaims alleging breach of contract, unjust enrichment, conversion, and violations of the Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. § 75-1.1 (2019). On appeal, Cree contends that the district court erred in granting summary judgment to Benchmark on its UDTPA counterclaim, erred in granting judgment after a bench trial in favor of Benchmark on its unjust enrichment counterclaim, and erred in denying its motion for amended findings or, alternatively, for a new trial, in which it claimed it had established a bailment at trial. Finding no error, we affirm.

I.

Cree first challenges the district court's grant of summary judgment on its UDTPA counterclaim. We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the

2

nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

> The UDTPA is meant to prevent unfair or deceptive acts or practices in or affecting commerce. In order to state a claim under the UDTPA, a plaintiff must show (1) [the] defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff. Whether conduct is unfair or deceptive is a legal issue for the court to decide.

*Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 787 (4th Cir. 2012) (citations and internal quotation marks omitted). "A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive." *Business Cabling, Inc. v. Yokeley*, 643 S.E.2d 63, 68 (N.C. Ct. App. 2007). "In a business context, this . . . is determined based on the likely effect on the average businessperson." *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 600 S.E.2d 492, 501 (N.C. Ct. App. 2004) (internal quotation marks omitted).

"North Carolina courts have repeatedly held that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under the UDTPA." *PCS Phosphate Co. v. Norfolk S. Corp.*, 559 F.3d 212, 224 (4th Cir. 2009) (brackets and internal quotation marks omitted). Thus, "a plaintiff must allege and prove egregious or aggravating circumstances to prevail on a UDTPA claim." *Wells Fargo Bank, N.A. v. Corneal*, 767 S.E.2d 374, 377 (N.C. Ct. App. 2014).

We conclude that the district court did not err in granting summary judgment. While Cree contends that it was not required to establish aggravating circumstances because the

court found the parties did not agree on the scrap rate, North Carolina courts have not limited the requirement for a plaintiff to show aggravating circumstances to cases where the parties had a contract. *See, e.g.*, *Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001); *Yokeley*, 643 S.E.2d at 68. Moreover, Benchmark's actions would not have misled the average businessperson. Cree does not dispute that it received weekly reports which contained the disputed "delta" figures and that these figures varied wildly. Moreover, Cree concedes that it knew how many lights bulbs that it shipped to Benchmark and how many manufactured boards that Benchmark shipped to Cree. Thus, Cree would have known how many lights bulbs were missing; even if some of these light bulbs were in the manufacturing process or in transit, Cree could have understood a worst-case scenario regarding missing and scrapped light bulbs. Accordingly, we affirm the district court's summary judgment order.

## II.

Next, Cree contends that the district court erred in granting judgment to Benchmark on its unjust enrichment counterclaim. "[W]e review judgments stemming from a bench trial under a mixed standard: factual findings are reviewed for clear error, whereas conclusions of law are reviewed de novo." *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 378 (4th Cir. 1995)

4

(alteration and internal quotation marks omitted). "Facts are conclusive on appeal, therefore, unless they are plainly wrong." *Id.* at 378-79.

"In order to recover on a claim of unjust enrichment, a party must prove that it conferred a benefit on another party, that the other party consciously accepted the benefit, and that the benefit was not conferred gratuitously or by an interference in the affairs of the other party." *Se. Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 206 (N.C. Ct. App. 2002). We conclude that the district court did not err in granting judgment on the unjust enrichment counterclaim. As the court correctly recognized, this claim relies on the 0.5% scrap rate which the court found was simply a goal, not a contractual obligation. Cree does not argue that this finding is clearly erroneous. Moreover, the parties clearly anticipated that some number of light bulbs would be scrapped, and the district court found that both parties bore responsibility for the scrapped light bulbs. Additionally, Cree sent the light bulbs to Benchmark in return for manufactured goods, which Cree concedes Benchmark produced. Cree never invoiced Benchmark for the light bulbs and communicated that it was providing them at zero cost. Therefore, we affirm the district court's judgment in favor of Benchmark on this claim.

III.

Finally, Cree contends that the district court erred in denying its posttrial motion for a new trial or, alternatively, for an amended judgment on a bailment theory that it failed to present at trial. "We review for abuse of discretion a district court's denial of a motion for new trial, and will not reverse such a decision save in the most exceptional circumstances." *Bunn v. Oldendorff Carriers GmbH & Co. KG*, 723 F.3d 454, 468 (4th Cir. 2013) (internal

quotation marks omitted).  "A district court may grant a new trial only if the verdict:  (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice."  *U.S. Equal Emp't Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017).  "We commit this decision to the district court because the district judge is in a position to see and hear the witnesses," and "may weigh evidence and assess credibility in ruling on a motion for a new trial."  *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994) (internal quotation marks omitted).

By contrast, a "'final judgment shall grant the relief to which the party whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.'"  *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 900 (4th Cir. 1996) (quoting Fed. R. Civ. P. 54(c)).  However, "a party may not be entitled to relief if its conduct of the cause has improperly and substantially prejudiced the other party."  *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975) (internal quotation marks omitted).  We may reverse only if the district court "abused its traditional discretion to locate a just result in light of the circumstances peculiar to the case."  *Id.* (internal quotation marks omitted).

"A bailment is created when a third person accepts the sole custody of some property given from another."  *Wilson v. Burch Farms, Inc.*, 627 S.E.2d 249, 258 (N.C. Ct. App. 2006) (internal quotation marks omitted).  "The possession of the property by the bailee must be such that it is to the exclusion of the owner and all other persons, and that the bailee has complete control of the property."  *Id.*  The bailor has the burden to establish the

6

existence of the bailor-bailee relationship. *Id.* "When a bailment is created for the benefit of both the bailor and bailee, the bailee is required to exercise ordinary care to protect the subject of the bailment from negligent loss, damage, or destruction." *Id.*

We conclude that the district court did not abuse its discretion because Cree's claim again relies on the 0.5% scrap rate. Cree failed to establish that Benchmark agreed to this rate, and fails to explain how failure to comply with this scrap rate absent a contractual provision violates a duty of ordinary care. The parties understood that some scrap would result from the manufacturing process. Moreover, the district court found that both parties were at fault for the scrap, and a bailment claim is defeated by a party's contributory negligence. *See Meachum v. Faw*, 436 S.E.2d 141, 144 (N.C. Ct. App. 1993). Accordingly, the district court did not err in rejecting this claim.

## IV.

Therefore, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*